Thomas M. CARROLL, et al., Plaintiffs,

v.

Donald M. BLINKEN, et al., Defendants.

No. 83 Civ. 1272 (RO).

United States District Court,
S.D. New York.

Oct. 3, 1995.

Martin S. Kaufman, Atlantic Legal Foundation, Inc., New York City (Douglas Foster, of counsel), for Plaintiffs.

Fried, Frank, Harris, Shriver & Jacobson, New York City (Jocelyn Lee Jacobson, of counsel), for New York Public Interest Research Group.

Dennis C. Vacco, Attorney General of the State of New York, Andrea Green, Deputy Solicitor General, New York City, for State Defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs who were students objecting to a particular allocation of their student activity monies by their university, seek attorney's fees from that university, State University of New York, and the student activity NYPIRG (an acronym for the New York Public Interest Research Group) to which a fraction of their fees was allocated by the university. This application pursuant to 42 U.S.C. § 1988[1] stems from litigation commenced by plaintiffs which sought to enjoin the university from such allocation—the mandatory funding issue. Subsequently, years after the action was commenced, in the Findings and Conclusions submitted before trial, the plaintiffs first raised the issue of NYPIRG's automatic membership policy, by which, under NYPIRG's by-laws all fee-paying SUNY Albany students were considered NYPIRG members—the compelled membership issue. The majority of the complex procedural history of this case is irrelevant to the application at hand. For purposes of this petition, it is sufficient to note that a request for attorney's fees was previously denied on the ground that plaintiffs were not a "prevailing party" within the scope of 42 U.S.C. § 1988.[2] On appeal, however, the Second Circuit held that plaintiffs *were* entitled to attorney's fees as the prevailing party on the separate issue of compelled membership. *Carroll v. Blinken*, 42 F.3d 122, 130 (2d Cir.1994). However, the Court also specifically held that plaintiffs could not be considered the prevailing party on the mandatory funding issue, stating at 130:

> The district court was correct in its decision not to award attorney's fees to appellants on the basis of their challenge to mandatory funding of NYPIRG.

On remand, plaintiffs submitted the instant application requesting attorney's fees in the amount of $558,156.25 and costs in the amount of $25,744.04. Defendants opposed on several grounds including plaintiffs' failure to itemize the hours spent on the compelled membership claim. The matter was conferenced before me on March 31, 1995. At that time, plaintiffs were directed to itemize their fee requests and to review the application for improper entries. I alerted plaintiffs to one such entry, charging for time traveling to and from court and filing papers at a law partner's rate of $225.00 an hour.[3]

1. Section 1988 provides that in an action brought to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

2. I had noted previously with regard to plaintiffs' achievement on direct appeal: "They did not seek what they got; and what they sought they did not get." *Carroll v. Blinken*, 1993 WL 478406 at *2 (S.D.N.Y. Nov. 15, 1993).

3. "Counsel for the prevailing party must exercise 'billing judgment'; that is, he must act as he would under the ethical and market restraints that constrain a private sector attorney's behavior in billing his own clients." *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir.1994). Hours

Defendants were given an opportunity to submit opposition papers to plaintiffs' fee application.

Defendants did submit a detailed analysis of plaintiffs' fee application. It is clear that defendants expended considerable time and effort attempting to identify improper requests and itemize the fees by issue. In sharp contrast, plaintiffs utterly failed to itemize their fees and revise improper requests. On the contrary, plaintiffs used their submission as an opportunity to seek a $200,-000.00 enhancement of their initial fee request. In a later submission, plaintiffs explained their failure to itemize the fees by stating: "[A]ll of the work by plaintiffs' counsel ... whether related to compelled funding or compelled membership was inextricably intertwined. These were not distinct issues, but, like Siamese twins, joined at the hip and at the head." Plaintiffs' only nod to this Court's instructions was the admission that "some reduction of the lodestar figure is warranted." [4] In short, I view plaintiffs' application to be a complete failure to comply with the explicit instructions of this Court.

 "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1982) (citations omitted). The *Hensley* Court noted that while there is "no certain method of determining when claims are 'related' or 'unrelated' ... at least counsel should identify the general subject matter of his time expenditures." *Id.* Where a prevailing party fails to provide adequate documentation, the district court may reduce the award accordingly.[5] *Id.* at 433, 103 S.Ct. at 1939. In this case, plaintiffs were directed by the Court to itemize their requested fees.[6] Such categorization was necessary for two reasons. First, the Second Circuit explicitly held that plaintiffs were to be considered the prevailing party only on the separate and obviously minor issue of compelled membership, and not on the major and important issue which sparked this litigation, the issue of the university's decision to allocate monies received from students to support various and diverse student activities deemed by it to be of value to students to further their education, even though some might have views antithetical to those of some students. Second, where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."[7] *Id.* at 436, 103 S.Ct. at 1941. Plaintiffs' failure to prevail on the mandatory

---

not "reasonably expended" must be excluded from the fee calculation. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.*

4. In a subsequent submission, plaintiffs stated: "We submit that it would be completely inappropriate for the Court to award attorney's fees of less than two-thirds of the lodestar amount, or $489,704.27 ... plus all of the time spent on the most recent fee application work, or $20,205.00, for a total of $509,909.27 for attorney time and the full amount of costs and disbursements, or $40,398.76, for a total of $550,308.03."

5. In *Thelen Oil v. Fina Oil,* the Eighth Circuit noted that a fee request may be denied in its entirety where it is not adequately documented:

Fina has failed on appeal to separate the attorney fees it incurred in enforcing its rights under the lease from the fees incurred in defending against Thelen's PMPA claim.... Instead, Fina presents a lump-sum request for over $650,000 in attorney fees and costs based on a relatively straight-forward four-day trial. Although we leave to the district court on remand the task of sorting out what fees, if any, Fina is entitled to receive, we note it is not inappropriate to deny fees completely when the fee request is outrageously excessive and unsupported by adequate documentation. 962 F.2d 821, 824 (8th Cir.1992).

6. The Second Circuit has noted that deference to plaintiff's calculation of its fees is "not compatible with the court's fee-setting obligation". *Lunday v. City of Albany,* 42 F.3d 131, 133 · (2d Cir.1994).

7. "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Farrar v. Hobby,* 506 U.S. 103, ——, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992).

funding issue, the central issue in this protracted litigation, demonstrates that their success was, at best, "partial or limited." Thus, an award of attorney's fees based on the litigation as a whole would clearly be excessive,[8] especially in light of the Supreme Court's pronouncement that "the most critical factor is the degree of success obtained." *Id.* This is especially troublesome, where plaintiffs want the Court to impose these fees on a state university and its student activity, state-wide though the latter is.

 In the absence of a proper attorney's fees application, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley,* 461 U.S. at 436–37, 103 S.Ct. at 1941. In light of plaintiffs' failure to submit a proper application, I am left with no choice but to exercise my discretion and determine a reasonable attorney's fee. I note that defendants are to be commended for attempting to itemize plaintiffs' fee requests, performing a task that should have been undertaken by plaintiffs. Defendants' painstaking efforts yielded a proposed award of $12,434.88. Based on my review of the application, my knowledge as presiding trial judge, and my assessment of the limited issue for which attorney's services could have been required, I conclude that plaintiffs are entitled to reasonable attorney's fees in the amount of $25,000.00 and costs in the amount of $1,150.[9] I am firmly of the belief that this award adequately compensates plaintiffs' attorneys for their time, effort and expenses in proffering and prevailing on the change in NYPIRG's by-laws so that all students, merely because of the fact of the allocation of their student-activity fee, are not automatically treated as members. This award of fees is, of course, only as against NYPIRG, and not against the university, which prevailed on the allocation issue, and had neither involvement in nor gain from

NYPIRG's by-laws. *J.G. v. Board of Educ. of Rochester City School Dist.,* 830 F.2d 444, 447 (2d Cir.1987); *Williamsburg Fair Housing Comm. v. Ross–Rodney Housing Corp.,* 599 F.Supp. 509, 513–14 (S.D.N.Y.1984).

In closing, I note that the *Hensley* Court cited with approval to *Nadeau v. Helgemoe,* 581 F.2d 275, 279 (1st Cir.1978), which held:

As for the future, we would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.

The foregoing is so ordered. Submit formal order accordingly.

---

**8.** "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943.

**9.** Having no guidance from the plaintiffs, I award as costs that percentage (4.6%) of the fee awarded as claimed actual costs bore to the original fee demand.