Thomas W. CARROLL; Robert J. Carroll; Michael E. McChesney; Emanuel J. Panos; Edward J. Priola; Craig J. Rucker; Robert T. Scmidlin; Beth Turkovic Garfunkel; Christine McClellan; Christopher Sandor; Susanne Ziegler, Plaintiffs–Appellants,

v.

Donald M. BLINKEN, in his capacity as Chairman of the Board of Trustees of the State University of New York; George L. Collins, Jr.; D. Clinton Dominick; Judith Lasker Duken; Arnold B. Gardner; Gurstin D. Goldin; John L.S. Holloman, Jr.; Nan Johnson; Everette Joseph; Judith Davidson Moyers; Edward V. Mele; Victor Marrero; Rosemary Salomone; Edgar A. Sandman; Thomas Van Arsdale; Darwin R. Wales, in their capacities as trustees of the State University of New York; Jerome Komisar, in his capacity as Acting Chancellor of the State University of New York; Vincent O'Leary; Clifford D. Clark; Alice Chandler, in his or her capacity as President and chief administrative officer of, respectively, the State University of New York at Albany, the State University of New York at Binghamton, and the State University of New York at New Paltz; New York Public Research Group, Inc., Defendants–Appellees.

No. 34, Docket 95–9153.

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1996.

Decided Jan. 15, 1997.

Douglas Foster, Atlantic Legal Foundation, Inc., New York City (Martin S. Kaufman, of counsel), for Plaintiffs–Appellants.

Douglas W. Henkin, Fried, Frank, Harris, Shriver & Jacobson, New York City (Alexander R. Sussman, Jocelyn Lee Jacobson, of counsel), for Defendant–Appellee New York Public Interest Group, Inc.

Jeffrey I. Slonim, Assistant Attorney General, New York City (Dennis C. Vacco, of counsel), for the State Defendants–Appellees.

Before WINTER and McLAUGHLIN, Circuit Judges.

WINTER, Circuit Judge:

This appeal arises from Judge Owen's award of $25,000 in attorney's fees to appellants. They argue that the award is inadequate. Because appellants obtained only minimal relief, we believe that a higher award was clearly not justified. We therefore affirm the award. Appellants also challenge the district court's holding that the various officials of the State University of New York ("SUNY") at Albany cannot be jointly and severally liable for the award of fees and costs. We find that SUNY may be liable for the fee award, and remand to the district court for the allocation of liability between SUNY and NYPIRG.[1]

This is the third appeal in this matter. Familiarity with our prior decisions is assumed, and we describe only briefly the proceedings leading to the present appeal. Appellants were students at SUNY who brought an action under 42 U.S.C. § 1983. They claimed that the New York Public In-

---

1. Judge Van Graafeiland was a member of this panel but recused himself. The remaining two judges are rendering this decision pursuant to Local Rule 0.14.

terest Research Group ("NYPIRG") and SUNY violated their First Amendment rights by allocating a portion of mandatory student fees to NYPIRG. The district court dismissed the action. On appeal, we held that the use of mandatory student fees to fund NYPIRG was constitutional so long as NYPIRG's expenditures for student activities on that campus were at least equal to the fees collected there. *Carroll v. Blinken,* 957 F.2d 991 (2d Cir.), *cert. denied,* 506 U.S. 906, 113 S.Ct. 300, 121 L.Ed.2d 224 (1992). However, we held that such fees could not be constitutionally required so long as NYPIRG had a by-law that designated all students subject to the mandatory fee as NYPIRG "members." *Id.*

Thereafter, the district court refused appellants' request for attorney's fees on the grounds that they did not "prevail" in the litigation. *Carroll v. Blinken,* No. 83 Civ. 1272(RO), 1993 WL 478406 (S.D.N.Y.1993). On the second appeal, we held that the district court was correct in declining to award attorney's fees on the mandatory funding issue, but found that appellants had, in fact, prevailed on the automatic membership issue. *Carroll v. Blinken,* 42 F.3d 122, 130 (2d Cir.1994). We then remanded for a determination of reasonable fees on the membership claim.

On remand, appellants sought a fee award of $558,156.25. However, the district court awarded only $25,000. *Carroll v. Blinken,* 899 F.Supp. 1214 (S.D.N.Y.1995). The court awarded this reduced sum because appellants failed to segregate the number of hours spent on the compensable membership claim from those spent on the noncompensable mandatory funding claim. *Id.* at 1216–17.

We do not agree with the reasoning of the district court. Both the funding claim and the membership claim involve issues as to the legality of government conduct that arguably requires individuals to support or participate in political activity with which they disagree. As a result, there is necessarily considerable overlap in the research and, to a lesser degree, in the other work necessary to the pursuit of each claim. The segregation insisted upon by the district court is not feasible, and, if a fee award for work done

were otherwise justified, an award of so small a fraction of the hours expended would be error as a matter of law.

■ However, we hold the $25,000 award to be reasonable because the relief obtained by appellants was minimal. In a case heard the same day as the present one, *Pino v. Locascio,* 101 F.3d 235 (2d Cir.1996), we held that, after *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), "[t]he most important factor in determining the reasonableness of a fee is the degree of success obtained," *Pino,* 101 F.3d at 237–38. In *Pino,* we reversed a district court's award of approximately $50,000 in attorney's fees to a plaintiff who prevailed in a Title VII sexual harassment claim but received a damages award of only $1.00. We held that no attorney's fees were appropriate where the plaintiff recovered only nominal damages and received no other meaningful relief. *Id.* at 238–39. *Pino* thus stands for the proposition that in determining the reasonableness of a fee award in civil rights actions, the quantity and quality of relief obtained is a critical factor. Where the damage award is nominal or modest, the injunctive relief has no systemic effect of importance, and no substantial public interest is served, a substantial fee award cannot be justified.

■ In the instant case, the relief obtained by appellants was minimal. There was no damage award. Appellants succeeded only in conditioning NYPIRG's continued receipt of a portion of mandatory fees upon its ceasing to advertise inflated membership numbers and upon its making expenditures on the Albany campus equal to the fees received. Appellants failed on their far more significant claim of preventing NYPIRG's receipt of such fees under any circumstances. The membership claim was so insignificant that it was not even pursued until five years after this litigation was commenced. NYPIRG's inflated claims of membership seem never to have specifically identified any unwilling individual as a member, and there is no other evidence that any individual suffered embarrassment or other harm from those claims. The relief obtained was thus more in the way of "a judicial pronouncement," *see Farrar,* 506 U.S. at 112, 113 S.Ct.

at 573, than a judgment with substantial, concrete effect. With regard to the condition concerning expenditures on the Albany campus, that ruling had no practical effect because the actual expenditures on that campus appear always to have exceeded the fees collected. The relief obtained, therefore, had no systemic effect of importance and served no larger public interest.

It is true that appellants achieved more than strictly nominal relief. As a result of the litigation, NYPIRG had to choose between misleading puffing as to size of membership and the receipt of fees, and there is now a limitation on its power to shuffle funds among campuses. However, the practical effect of the relief obtained—after *Farrar,* the "most important factor" in determining the reasonableness of a fee award, *Pino,* 101 F.3d at 237–38—was entirely minimal. By way of analogy, had Ms. Pino recovered more than nominal damages, say $2,000, an award of $50,000 would still have been error. Accordingly, because appellants obtained only minimal relief, we believe that the district court's award of $25,000 is entirely reasonable.

■ However, we disagree with the district court's holding that the fee award "is, of course, only against NYPIRG, and not against the university, which prevailed on the allocation issue, and had neither involvement in nor gain from NYPIRG's by-laws." *Carroll,* 899 F.Supp. at 1217. We find that the students prevailed against SUNY as well as against NYPIRG on the membership claim. Our decision on the second appeal clearly stated that SUNY was a "joint participant[ ] in the unlawful conduct," 42 F.3d at 131. It was SUNY's collection and distribution of mandatory student fees that provided the state action necessary to appellants' Section 1983 claims regarding the NYPIRG by-law and expenditure of funds on the Albany campus. Indeed, nothing in our decision would have prevented NYPIRG from declining the fees and maintaining its by-laws and expending funds as it desired.

Therefore, liability for the attorney's fees may be imposed on SUNY as well as NY-PIRG. The allocation of the fee liability between the defendants is, however, a matter

committed to the district court's discretion. *Koster v. Perales,* 903 F.2d 131, 139 (2d Cir.1990). We thus remand to the district court for the allocation of liability for the fee award between SUNY and NYPIRG. Whether the district court apportions some of the liability to SUNY or finds that, given the minimal impact of the judgment on SUNY, it is appropriate to hold NYPIRG solely liable for the fees, is for it to determine in its discretion.

We therefore affirm in part and reverse and remand in part.