Nancy COLLINS, Plaintiff,

v.

Edward STOLZENBERG, individually and as Commissioner of Hospitals for the County of Westchester, Stephen Marchwinski, individually, Ansley Bacon, individually, New York Medical College and the County of Westchester, Defendants.

No. 95 Civ. 1232 (JSR).

United States District Court, S.D. New York.

July 15, 1997.

**304**

Jonathan Lovett & Craig Dickinson, White Plains, NY, for plaintiff.

A. Lawrence Shiels, White Plains, NY, Kate Maguire, White Plains, NY, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On January 9, 1997, a jury found defendants Edward Stolzenberg, Stephen Marchwinski, and Ansley Bacon individually liable on plaintiff's claim, under 42 U.S.C. § 1983, that they unlawfully terminated her employment in retaliation for her exercising her right of free speech to expose allegedly hazardous health and safety conditions at her workplace. The jury awarded plaintiff $45,000 in compensatory damages, and the Court thereupon entered judgment. Plaintiff has now applied for costs and attorney's fees under 42 U.S.C. § 1988. Specifically, plaintiff requests $60,634.62, based on the following calculations for work performed by her attorneys, Jonathan Lovett, Esq., and Craig Dickinson, Esq., and for expenses incurred:

|  | Per Hour Charge | Hours Spent | TOTAL |
|---|---|---|---|
| Lovett | $300 | 135.3 | $40,590.00 |
| Dickinson | $150 | 113.8 | $17,070.00 |
| Expenses |  |  | $ 2,974.62 |
|  |  | GRAND TOTAL | $60,634.62 |

While defendants do not dispute plaintiff's entitlement to "reasonable" fees, see *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), they contend that the hourly rate of attorney Lovett should be reduced from $300 per hour to $250 per hour to reflect current market rates, and that the total fee award should be reduced by a percentage commensurate with the degree of success plaintiff achieved in this case. As to the first contention, an hourly billing rate must be consistent "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). While Mr. Lovett has ably demonstrated his adept lawyering in this case, as in others, the market rate for attorneys of comparable quality who litigate similar civil rights cases in this District is simply lower than what plaintiff asks of the Court. *See, e.g., Valmonte v. Bane,* 895 F.Supp. 593 (S.D.N.Y. 1995) (using $200 and $250 per hour where plaintiff's attorneys had documented over twenty years of experience in public interest law and civil rights litigation); *Quaratino v. Tiffany & Co.,* 948 F.Supp. 332 (S.D.N.Y. 1996) (using $225 per hour for a plaintiff's attorney from a large Manhattan firm specializing in civil rights cases). In fact, in a recent reported case involving the same counsel, Mr. Lovett's hourly fee was limited to $250. *Annis v. County of Westchester,* 939 F.Supp. 1115 (S.D.N.Y.1996). Accordingly, the Court adopts an hourly billing rate of $250 per hour for Mr Lovett's legal services here.

As to defendants' second contention, the "degree of success obtained" by plaintiff

is a "critical factor" for the Court to consider in determining fees. *Farrar,* 506 U.S. at 103, 113 S.Ct. at 566; *Carroll v. Blinken,* 105 F.3d 79, 81 (2d Cir.1997). *See also Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir.1996); *Caruso v. Forslund,* 47 F.3d 27, 31–32 (2d Cir.1995). Here, plaintiff claims she achieved "unqualified success," because her victory "accomplished an important public goal" of redressing "a standing policy of retaliation against whistleblowers" and thereby "vindicated important rights for all Westchester County Medical Center employees and served a public benefit." Pl. Mem. at 3. In fact, however, in awarding plaintiff compensatory damages of just $45,000—exactly one year of her salary—the jury implicitly rejected plaintiff's claims for longer-term compensatory damages, pain and suffering, injury to reputation, humiliation, and the like. Moreover, the jury expressly denied plaintiff's claim for punitive damages and expressly rejected plaintiff's claims against the institutional defendants, Westchester County and New York Medical College, thus casting doubt on the relevancy, applicability, and efficacy in this case of the institutional deterrence notions that plaintiff now stresses.

In actuality plaintiff was only able to satisfy the jury as to certain discrete acts carried out by individual defendants. Plaintiff's award of reasonable fees should therefore reflect the qualified nature of her success. *Carroll,* 105 F.3d at 81–82 (where "relief obtained ... was minimal" and the judgment "had no systemic effect of importance and served no larger public interest" an award of $25,000 in fees was "reasonable" even though prevailing party sought attorney's fees of $558,156.25). Specifically, the Court finds that, where plaintiff could not prove her claims against the County of Westchester and New York Medical College and the jury rejected her claim for punitive damages and limited her compensatory damages to one year's salary only, her counsel achieved far less than an "unqualified success" and a reduction of one-third of otherwise proper counsel fees is necessary to make the fees properly correspond to the degree of success she actually achieved. *Cf. Quaratino,* 948 F.Supp. at 332 (reducing fees by 50%).

Applying these conclusions, the following calculations are obtained:

|  | Per Hour Charge |  | Hours Spent | TOTAL |
|---|---|---|---|---|
| Lovett | $300 |  | 135.3 | $40,590.00 |
| Dickinson | $150 |  | 113.8 | $17,070.00 |
|  |  |  | SUBTOTAL | $50,895.00 |
|  |  |  | ONE–THIRD REDUCTION | ($16,965.00) |
|  |  |  |  | $33,930.00 |
|  |  |  | EXPENSES | $ 2,974.62 |
|  |  |  | RECOVERABLE TOTAL | $36,904.62 |

 Plaintiff's further request for past interest on this award pursuant to 28 U.S.C. § 1961, is denied, since in these circumstances interest should run from the final determination of fees and not from the entry of the underlying judgment or the date that plaintiff applied for such fees. *MidAmerica Federal Sav. & Loan Ass'n v. Shearson/American Express, Inc.,* 962 F.2d 1470, 1475–77 (10th Cir.1992).

Accordingly, plaintiff is awarded attorneys' fees in the amount of $36,904.62, with interest to run from the date of this Order.

SO ORDERED.