**Roberto CIAPRAZI, Plaintiff,**

v.

**The COUNTY OF NASSAU, Joseph Jablonsky, as Sheriff of Nassau County, C.O. Peter Skalkos and C.O. Thomas Amato, Defendants.**

No. 98CV6286 (ADS).

United States District Court, E.D. New York.

April 8, 2002.

Muraca & Kelly, L.L.P., By Dennis J. Kelly, of Counsel, Mineola, NY, for plaintiff.

James J. Corbett, P.C., By James J. Corbett, of Counsel, Bohemia, NY, Prior Attorney for the Plaintiff.

Friedman & Harfenist, By Stephen Harfenist, Charles H. Horn, and Christopher T. Vetro, of Counsel, Lake Success, NY, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the plaintiff Roberto Ciaprazi ("Ciaprazi" or the "plaintiff") brought an action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau, Joseph Jablonsky ("Jablonsky"), Correction Officer Peter Skalkos ("Skalkos") and Correction Officer Thomas Amato ("Amato") alleging that Skalkos and Amato violated his constitutional rights by subjecting him to excessive force on two separate occasions. A jury returned a verdict in favor of the plaintiff only on his excessive force claim against Amato and awarded him nominal damages of $1. Presently before the Court are applications for attorney's fees and costs by James J. Corbett, Esq. ("Corbett") former counsel to the plaintiff and Dennis J. Kelly, Esq. ("Kelly") present counsel to the plaintiff pursuant to 42 U.S.C. § 1988 ("Section 1988"). The plaintiff also seeks to recover the filing fee as costs under Federal Rule of Civil Procedure 54 ("Rule 54").

## I. BACKGROUND

On November 27, 1998, the plaintiff filed a complaint in this matter. The plaintiff alleged that Skalkos used excessive force against him while he was confined at the Nassau County Correctional Center on April 17, 1996. The plaintiff further alleged that Amato used excessive force against him at the same facility on August 16, 1996. The plaintiff sought $700,000 in compensatory damages and $90,000 in punitive damages.

On November 8, 1999, the Court appointed Corbett to represent the plaintiff pro bono in this matter. Corbett represented the plaintiff until April 10, 2001, when the Court granted his motion to withdraw as counsel. On that date, the Court appointed Kelly to represent the plaintiff pro bono.

A jury trial was held in February of 2002. The jury returned a verdict in favor of the plaintiff only on his excessive force claim against Amato and awarded him nominal damages of $1. Corbett and Kelly now move to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988. In particular, Corbett seeks to recover $9,060 for attorney's fees (45.3 hours at $200 per hour) and $987.95 for costs (deposition transcripts). Kelly seeks to recover $22,500 for attorney's fees (90 hours at $250 per hour). The plaintiff also seeks to recover $150 for the cost of the filing fee.

## II. DISCUSSION

### A. As to Attorney's Fees

Section 1988 provides in pertinent part that a "court, in its discretion, may allow the prevailing party [in a Section 1983 action] ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). A court must apply a two-step inquiry when deciding whether to award attorney's fees. *Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir.1996) (citing *Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 571–72, 121 L.Ed.2d 494 (1992)). "First, the party must be a 'prevailing party' in order to recover. If she is, then the requested fee must also be reasonable." *Id.* (citations omitted).

The first part of the test is satisfied because the jury awarded the plaintiff nominal damages. *Id.* at 238 (stating that "[p]laintiffs who win nominal damages are, indeed, prevailing parties for purposes of fee awards.") (citing *Farrar,* 506 U.S. at 112, 113 S.Ct. at 573–74).

The second part of the inquiry requires further analysis. "[W]hile there is no *per se* rule that a plaintiff recovering nominal

damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare." *Id.* at 238 (citation omitted); *see also Caruso v. Forslund,* 47 F.3d 27, 31 (2d Cir.1995) (stating that "where a plaintiff recovers only nominal damages, the only reasonable fee is usually no fee at all.") (internal quotations and citations omitted). "The most important factor in determining the reasonableness of a fee is the degree of success obtained." *Pino,* 101 F.3d at 237 (citation omitted); *see also Carroll v. Blinken,* 105 F.3d 79, 81 (2d Cir.1997) (same).

█ The Second Circuit has noted that attorney's fees are appropriate, despite the recovery of only nominal damages, when the plaintiff is awarded significant injunctive relief, *see Carroll,* 105 F.3d at 81, or when the plaintiff prevails on a significant legal issue. *See Cabrera v. Jakabovitz,* 24 F.3d 372, 393 (2d Cir.1994) (stating that attorney's fees are appropriate if "the plaintiffs prevailed on a significant legal issue-namely, that landlords can be held liable for employing real estate brokers who are engaged in racial steering.").

█ Here, the plaintiff sought $790,000 in compensatory and punitive damages but recovered only $1 in nominal damages against Amato. As to the first incident, the jury found in favor of the defendant Skalkos. More importantly, this case did not involve a significant legal issue. *See Pino,* 101 F.3d at 239 ("The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief.").

Furthermore, there was no award of injunctive relief in this matter. Other than the moral satisfaction that a federal court jury concluded that the plaintiff's rights had been violated with respect to

Amato, the plaintiff did not succeed in any manner in this lawsuit. Neither Corbett nor Kelly have cited any case law that would support their position that this case falls within the rare category of cases that permit the award of attorney's fees to a prevailing party when only nominal damages are awarded.

Another indication in the trend to limit attorney's fees in civil rights litigation is the recent United States Supreme Court case of *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). There, the Supreme Court, in a so-called catalyst case, held that a party is not entitled to attorney's fees even when she or he achieves the desired result by causing the defendant to voluntary change his or her conduct. 532 U.S. at 600, 121 S.Ct. at 1838.

Accordingly, for the reasons stated above, the applications for attorney's fees are denied.

## B. As to Costs

Rule 54 provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). Because the jury awarded the plaintiff nominal damages, he is a prevailing party. *See Pino,* 101 F.3d at 238 (stating that a plaintiff who is awarded nominal damages is a prevailing party for purposes of attorney's fees). The plaintiff is entitled to the $150 filing fee as costs. *See Anderson v. The City of New York,* 132 F.Supp.2d 239, 245 (S.D.N.Y.2001) (the filing fee is recoverable as costs). The plaintiff has timely moved to recover this amount. Accordingly, the plaintiff's motion to recover the sum

of $150, reimbursement of the filing fee in this case, is granted.

In addition, Corbett is entitled to $987.95 representing the cost of the deposition transcripts in this case. *See Anderson*, 132 F.Supp.2d at 246 (stating that the cost of deposition transcripts are recoverable as reasonable costs). Furthermore, Corbett has timely moved to recover this amount. Accordingly, Corbett's motion to recover the sum of $987.95 for reimbursement of the cost of the deposition transcripts, is granted.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that both applications by Corbett and Kelly to recover attorney's fees are **DENIED**; and it is further

**ORDERED**, that the plaintiff is awarded the sum of $150 as costs for the filing fee in this case; and it is further

**ORDERED**, that Corbett is awarded the sum of $987.95 for reimbursement of the costs for the deposition transcripts in this case; and it is further

**ORDERED**, that the Clerk of the Court is directed to include these sums, namely the total sum of $1137.95 in addition to the nominal damages of $1, in the judgment entered in this case; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**