Miguel **ESTRELLA,** Higinio Pena, Walter Redwood, William Smith, Juan Torres, and Pablo Torres, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**P.R. PAINTING CORP.,** and Kenneth Romano, Defendants.

**No. 06–CV–717 (ADS)(AKT).**

United States District Court, E.D. New York.

Feb. 7, 2009.

---

Levy Davis & Maher LLP, by Jonathan A. Bernstein, Esq., of Counsel, New York, NY, for Plaintiffs.

Dandeneau & Lott, by Gerald V. Dandeneau, Esq., of Counsel, Melville, NY, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On December 14, 2007, Miguel Estrella and Higinio Pena, individually and on behalf of others similarly situated ("the Plaintiffs"), moved for summary judgment against P.R. Painting Corp. and P.R.'s President, Kenneth Romano (collectively "the Defendants"), arguing that the Defendants failed to properly compensate employees for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law 651 et seq. By Order dated September 16, 2008, the Court granted partial summary judgment in favor of the Plaintiffs on the issue of liability. Although the remaining issue of damages was scheduled to be tried, on October 28, 2008, the parties stipulated on the record to a judgment in the amount of $65,877.60. Presently before the Court is an application by the Plaintiffs' counsel, Levy Davis & Maher LLP, for reasonable attorneys' fees and costs pursuant to the FLSA and New York Labor Law.

### I. DISCUSSION

**A. The "Presumptively Reasonable" Fee**

Both the FLSA and New York Labor Law direct courts to award prevailing

plaintiffs reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 198. In calculating reasonable attorneys' fees, courts in the Second Circuit are guided by the Circuit's recent opinion in *Arbor Hill Citizens Neighborhood Association v. County of Albany,* 522 F.3d 182 (2d Cir.2008) ("*Arbor Hill* ").

In *Arbor Hill,* the Second Circuit purported to clarify the methodology district courts should employ in calculating statutory attorneys' fees. *Id.* at 190. The Second Circuit moved away from the traditional use of the "lodestar," method of calculation and advised that, in determining a "presumptively reasonable fee," district courts should "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* The Second Circuit teaches that the "reasonable hourly rate is the rate a paying client would be willing to pay." *Id.* Thus, in the wake of *Arbor Hill,* "the presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably expended litigating the case." *Joe Hand Promotions, Inc. v. Martinez,* 2008 WL 4619855, at *7 (S.D.N.Y. Oct. 17, 2008); *see Finkel v. Omega Commc'n Servs., Inc.,* 543 F.Supp.2d 156, 164 (E.D.N.Y.2008) (citing *Arbor Hill,* 522 F.3d at 189) (noting that the "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours.").

### 1. The Reasonable Hourly Rate

The United States Supreme Court has directed that district courts should use the "prevailing [hourly rate] in the community" in calculating what the Second Circuit now refers to as the presumptively reasonable fee. *Arbor Hill,* 522 F.3d at 190 (citing *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The Second Circuit has explained that the "community" to which the district courts should look is the community in which the district court sits. *Arbor Hill,* 522 F.3d at 190 (citing *Polk v. N.Y. State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir.1983)); *see also Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); *Luciano v. Olsten Corp.,* 109 F.3d 111, 115–116 (2d Cir.1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated); *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir.1994) (observing that the "prevailing community" the district court should consider is "the district in which the court sits.").

In this case, Plaintiffs' counsel, Jonathan Bernstein ("Bernstein"), proposes that $250 per hour is a reasonable hourly rate for FLSA work in the Eastern District of New York. The Court agrees. "[H]ourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *See Cho v. Koam Med. Services P.C.,* 524 F.Supp.2d 202, 209 (E.D.N.Y.2007) (collecting cases and awarding fees in a FLSA and New York Labor Law case based on a $250 hourly rate for a partner). Bernstein is an experienced attorney that has practiced exclusively in the area of labor and employment law since 1997. His proposed

hourly rate represents what a partner could reasonably charge for FLSA work in the Eastern District of New York. Accordingly, the Court finds that setting Bernstein's hourly rate at $250 is appropriate in this case.

### 2. The Hours Reasonably Expended

■ Bernstein has offered detailed contemporaneous time records indicating that he spent 298.67 billable hours working on this case. The Court has arrived at 298.67 hours by adding the 290.09 billable hours Bernstein spent from October 14, 2005 through November 12, 2008 working on this case to the 8.58 hours Bernstein spent preparing and filing his reply brief in support of the instant motion. The Defendants raise three objections to Bernstein's time records. The Court will address each in turn.

First, the Defendants contend that Bernstein should not be compensated for 1.45 billable hours spent researching the relationship between P.R. Painting Corp. and Carole Roofing Corp. ("Carole"), a one-time defendant that was ultimately dismissed from the case in April of 2007 after Bernstein determined that Carole had no relationship to his clients' claims. Bernstein counters that although document discovery and deposition testimony ultimately revealed that Carole was not in fact a joint employer of his clients, that he had a duty to investigate the relationship between the two entities because he had evidence that Carole D'Angelo, Carole's principal, had given his clients work assignments.

This Court has observed that "[i]n the private sector, 'billing judgment' is an important component in fee setting," and "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Cioffi*, 465 F.Supp.2d at 221 (cit-

ing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980)). Here, Bernstein spent a minimal amount of time exploring the relationship between P.R. Painting Corp. and Carole a related entity he reasonably believed might have been a joint employer that could share liability under the applicable statutes. Under these circumstances, it is reasonable that an attorney would bill this time to a paying client. Accordingly, the Court will compensate Bernstein for the 1.45 hours.

Second, the Defendants argue that Bernstein should not be able to recover for the 20.25 hours he spent traveling from his Manhattan office to the Court in Central Islip for various appearances throughout the course of the litigation. The Court has previously held, on a number of occasions, that counsel should be compensated for travel time at 50% of their customary hourly rate. *See Cioffi v. New York Cmty. Bank*, 465 F.Supp.2d 202, 221 (E.D.N.Y. 2006); *Connor v. Ulrich*, 153 F.Supp.2d 199, 203 (E.D.N.Y.2001); *Long Island Head Start Dev. Servs., Inc. v. Kearse*, 96 F.Supp.2d 209, 215 (E.D.N.Y.2000); *Luciano v. Olsten Corp.*, 925 F.Supp. 956, 965 (E.D.N.Y.1996), *aff'd*, 109 F.3d 111 (2d Cir. 1997). The Court finds that compensating Bernstein for travel time at 50% of his hourly rate is appropriate.

Finally, the Defendants contend that Bernstein should not be compensated for .88 billable hours expended researching the Local Rules of the Eastern District of New York and the Court's Individual Rules. This argument is frivolous. Counsel appearing before the Court should be well-versed in the Local Rules and the Court's Individual Rules. It was not unreasonable for counsel to spend less than one hour apprising himself of the Court's rules.

### 3. Whether Counsel's Fee Should Be Reduced

The Second Circuit has observed that district courts retain the authority to reduce a statutory fee award by reason of the plaintiff's "partial or limited success". *Kassim v. City of Schenectady,* 415 F.3d 246, 256 (2d Cir.2005). The Defendants argue that Levy Davis & Maher's fees should be reduced: (1) because their proposed fee award exceeds their clients' recovery in the litigation; and (2) to reflect the Plaintiffs' limited success in this case.

With respect to the Defendants' first argument, courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery. The fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements. *See Grochowski v. Ajet Const. Corp.,* 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002) (quoting *Fegley v. Higgins,* 19 F.3d 1126, 1134–35 (6th Cir.1994)) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage-and-hour grievances.'"). As Judge Chin has clearly explained:

> Consider, for example, the civil rights litigant who brings a claim under the wage and hour laws. Even if the plaintiff recovers the maximum possible damages, she may recover only a modest amount if she is employed in a position that pays only a modest salary, such as a waiter or waitress in a restaurant. In view of her excellent results, however, her attorney likely deserves a full award of fees. Yet if attorneys' fees were proportionally tied to a plaintiff's recovery,

however, the award would necessarily be low. Accordingly, in rejecting a rule of proportionality, the Supreme Court sought to avoid precisely this result.

*Baird v. Boies, Schiller & Flexner LLP,* 219 F.Supp.2d 510, 520 n. 7 (S.D.N.Y.2002) (citing *City of Riverside v. Rivera,* 477 U.S. 561, 578, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)). Here, Levy Davis & Maher represented a group of painters that would likely not have been able to retain counsel under ordinary billing arrangements. This is precisely the type of case that is contemplated by the attorneys' fees provisions in the FLSA and New York Labor Law. Therefore, reducing their fee award to reflect their clients' recovery would not be consistent with the legislative purpose underlying these fee provisions.

With regard to the Defendants' second contention, the Supreme Court has recognized that "the 'most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 152 (2d Cir.2008) (citing *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). The Defendants point out that the Plaintiffs sought and were granted leave to send out class opt-in notices to the Defendants' former employees. The Defendants note that of the 120 opt-in notices sent to past employees, only four eligible employees elected to participate in this action. The Defendants contend that "the failure of the additional employees to participate should be considered a relevant factor in evaluating the success of the litigation."

The Court fails to perceive and the Defendants make no effort to explain how the low response rate to the opt-in notices bears on whether the Plaintiffs were successful in this case. In evaluating the

degree of success obtained, district courts are encouraged to assess the " 'quantity and qualify of relief obtained' as compared to what the plaintiff[s] sought to achieve," in their complaint. *Barfield*, 537 F.3d at 152 (citing *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir.1997)). Here, the Plaintiffs' complaint makes clear that they sought remuneration for overtime pay the Defendants failed to pay. The Court has awarded each of the four Plaintiffs who did opt-in the full amount of overtime they sought plus the liquidated damages and interest they were entitled to by statute. The Court finds that the Plaintiffs obtained a high degree of success and therefore will not reduce counsel's fee award.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Levy Davis & Maher's motion for attorneys' fees and costs is **GRANTED** to the following extent:

(a) Attorneys' fees are awarded for 278.42 billable hours at a rate of $250 per hour for the sum of $69,605. The Court arrived at the 278.42 billable hours by taking the time worked on the case between October 14, 2005 and November 26, 2008 (298.67 according to Bernstein's records) and subtracting the 20.25 hours Bernstein spent traveling from his office to the Court for various appearances.

(b) Attorneys' fees are awarded for the 20.25 billable hours Bernstein spent traveling to court appearances at a rate of $125 per hour for the sum of $2,531.25.

(c) $689.13 in costs. The Court arrived at this amount by taking the Plaintiffs' disbursements ($1368.96) and subtracting from that figure $679.83, the amount paid by the Defendants pursuant to United States Magistrate Judge Tomlinson's order directing the Defendants to reimburse the Plaintiffs for service costs.

(d) The Court awards to Levy Davis & Maher attorneys' fees in the amount of $72,136.25, and costs in the amount of $689.13, for the total sum of $72,825.38, and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**