Mohammad ASLAM, Plaintiffs,

v.

MALEN & ASSOCIATES,
P.C., Defendant.

No. 07–CV–1293 (ADS)(ARL).

United States District Court,
E.D. New York.

April 1, 2009.

James E. Bahamonde, P.C., by James E. Bahamonde, Esq., of Counsel, North Bellmore, NY, for Plaintiff.

Mel Harris & Associates LLC, by Arthur Sanders, Esq., of Counsel, New York, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On March 28, 2007, Mohammad Aslam ("the Plaintiff") filed a complaint against the law firm of Malen & Associates ("the Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., a federal statute designed to protect consumers from abusive debt collection practices. Following the first day of trial, on January 30, 2009, the parties reached a settlement agreement whereby: (1) the Defendant agreed to pay $282 in actual damages; (2) the Defendant agreed to pay $1,000 in statutory damages, the maximum amount permitted by the FDCPA; (3) the Plaintiff agreed to waive any additional claim for actual damages; (4) the Defendant agreed to remunerate the Plaintiff for costs not to exceed $1500; and (5) they agreed to have the Court decide the issue of attorneys' fees. Presently before the Court is an application by the Plaintiff's counsel, James Bahamonde ("Bahamonde"), for reasonable attorneys' fees and costs pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3).

## I. DISCUSSION

### A. The "Presumptively Reasonable" Fee

A plaintiff who is successful in asserting a claim under the FDCPA is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In calculating reasonable attorneys' fees, courts in the Second Circuit are guided by the Circuit's recent opinion in *Arbor Hill Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2d Cir. April 10, 2008) ("Arbor Hill").

In *Arbor Hill*, the Second Circuit purported to clarify the methodology district courts should employ in calculating statutory attorneys' fees. *Id.* at 190. The Second Circuit moved away from the traditional use of the "lodestar," method of calculation and advised that, in determining a "presumptively reasonable fee," district courts should "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* The Second Circuit teaches that the "reasonable hourly rate is the rate a paying client would be willing to pay." *Id.* Thus, in the wake of *Arbor Hill*, "the presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably expended litigating the case." *Joe Hand Promotions, Inc. v. Martinez*, 2008 WL 4619855, at *7 (S.D.N.Y. Oct. 17, 2008); *see Finkel v. Omega Commc'n Servs., Inc.*, 543 F.Supp.2d 156, 164 (E.D.N.Y.2008) (citing *Arbor Hill*, 522 F.3d at 189) (noting that the "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours.").

### 1. The Reasonable Hourly Rate

The United States Supreme Court has directed that district courts should use the "prevailing [hourly rate] in the community" in calculating what the Second Circuit now refers to as the presumptively reasonable fee. *Arbor Hill*, 522 F.3d at 190 (citing *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The Second Circuit has explained that the "community" to which the district courts should look is the community in which the district court sits. *Arbor Hill*, 522 F.3d at 190 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983)); *see also Savino v. Computer Credit, Inc.*, 164

F.3d 81, 87 (2d Cir.1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); *Luciano v. Olsten Corp.,* 109 F.3d 111, 115–116 (2d Cir.1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated); *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir.1994) (observing that the "prevailing community" the district court should consider is "the district in which the court sits.").

█ In this case, Bahamonde proposes that $425 per hour is a reasonable hourly rate for FDCPA work in the Eastern District of New York. The Court disagrees. Although Bahamonde devotes a significant part of his practice to consumer protection cases, he has only been practicing in this area since 2003 when he founded his own firm. *See Larsen v. JBC Legal Group, P.C.,* 588 F.Supp.2d 360, 364 (E.D.N.Y. 2008) (finding that $300 per hour was the appropriate rate in an FDCPA case where the attorney had 17 years of experience including 7 years specializing in consumer protection law); *Baruch v. Healthcare Receivable Mgmt., Inc.,* 2007 WL 3232090, at *5 (E.D.N.Y.2007) (awarding counsel with 19 years of experience $350 per hour for work in a FDCPA case). Here, the Court finds that a rate of $250 per hour represents what a lawyer of Bahamonde's experience could reasonably charge for FDCPA work in the Eastern District of New York. *See Pinkham v. Prof'l Claims Bureau, Inc.,* 367 F.Supp.2d 338, 340 (E.D.N.Y.2005) (finding that $250 was a reasonable hourly rate for FDCPA work in the Eastern District of New York).

## 2. The Hours Reasonably Expended

█ Bahamonde has offered detailed contemporaneous time records indicating that he spent 293.4 billable hours working on this case. The Court has arrived at 293.4 hours by adding the 279.70 billable hours Bahamonde spent from March 25, 2007 through March 3, 2009 working on this case to the 13.70 hours Bahamonde spent preparing and filing his reply brief in support of the instant motion. The Defendant raises a number of objections to Bahamonde's time records which the Court will now address.

Although several of the Defendant's objections are difficult to assess in the absence of any direct citation to Bahamonde's billing records, the Court finds that certain of Bahamonde's time expenditures must be reduced. On May 27 and May 29 of 2008, Bahamonde billed 13.2 hours researching jury instructions. However, as the Defendant points out, the proposed jury instructions submitted by Bahamonde were lifted, almost verbatim, from Fair Debt Collection, a popular manual published by the National Consumer Law Center. The Court finds it difficult to accept that a relatively experienced consumer rights lawyer required more than 13 hours to lift jury instructions from the most widely used manual in the field. Accordingly, the Court will reduce Bahamonde's time expenditure on the proposed jury instructions from 13.2 hours to 2 hours.

On June 17, 2008, Bahamonde billed 4.7 hours preparing exhibits for trial. However, because the task of preparing the trial exhibits could have been delegated to a paralegal, the Court will only award fees at a rate of $75 per hour for this task, which is the appropriate rate for paralegal work in the Eastern District of New York. *See Estrella v. P.R. Painting Corp.,* 2009 WL 294378, at * 2 (E.D.N.Y.2009) (quoting

*Cho v. Koam Med. Services P.C.*, 524 F.Supp.2d 202, 209 (E.D.N.Y.2007)) (observing that courts in the Eastern District of New York have awarded between $70 and $80 per hour for work by legal assistants); *Larsen*, 588 F.Supp.2d at 364 (finding that $75 per hour is the appropriate rate for paralegal work).

On March 1, 2009, Bahamonde billed 6 hours for preparing the time records submitted to the Court on the instant motion. The Defendant contends that this is an excessive amount of time to devote to preparing billing records and notes that most electronic records can be printed out with the click of a mouse. The Defendant further contends that this time expenditure suggests Bahamonde may not have been keeping contemporaneous records throughout the course of the litigation.

Although the Court is confident that Bahamonde has offered accurate, contemporaneous records, the Court agrees with the Defendant's position that it is excessive to spend six hours preparing electronic printouts of one's billing records. The Court will not award any fees for this time expenditure because taking the time to provide accurate, detailed billing records is simply a regular cost of doing business, particularly where a lawyer anticipates seeking attorneys' fees.

Finally, in preparing for trial, Bahamonde billed approximately 32.2 hours. However, as Bahamonde has conceded, the legal and factual issues raised by his client's case were straightforward and the trial was only scheduled to last several days. Under the circumstances, the Court finds it difficult to believe that it was necessary to spend more than 32 hours preparing for such a relatively simple FDCPA case. Accordingly, the Court will reduce Bahamonde's time expenditure on trial preparation from 32.2 hours to 15 hours.

After taking into account the reductions discussed above, attorneys' fees are awarded for: (1) 254.3 hours at a rate of $250 per hour; and (2) 4.7 hours at a rate of $75 per hour, for the sum total of $63,927.50. For the sake of clarity, the Court notes that it arrived at 254.3 hours by taking the time worked on the case between March 25, 2007 and March 3, 2009 (293.4 according to Bahamonde's records) and subtracting: (i) the 6 hours Bahamonde spent preparing billing records; (ii) 17.2 hours from the time Bahamonde spent preparing for trial; (iii) 11.2 hours from the time Bahamonde spent researching jury instructions; and (iv) the 4.7 hours Bahamonde spent preparing trial exhibits.

### 3. Whether Bahamonde's Fees Should Be Reduced to Reflect the Degree of Success Obtained

The Defendant argues that Bahamonde's fees should be reduced to reflect what it considers to be the Plaintiff's limited success in this case. The Second Circuit has observed that district courts retain the authority to reduce a statutory fee award by reason of the plaintiff's "partial or limited success". *Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2005). Indeed, the Supreme Court has recognized that "the 'most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir.2008) (citing *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). In evaluating the degree of success obtained, district courts are encouraged to assess the " 'quantity and qualify of relief obtained' as compared to what the plaintiff[s] sought to achieve," in their complaint. *Barfield*, 537 F.3d at 152 (citing *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir.1997)).

■ The Plaintiff's complaint indicates that he sought an unspecified amount in both actual and statutory damages pursuant to the FDCPA. The parties' settlement provides that the Defendant is to pay $278 in actual damages and $1,000 in statutory damages, the maximum amount available under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A). Having obtained both forms of relief sought in the complaint, including the maximum amount of statutory damages permissible under the FDCPA, the Court finds that the Plaintiff achieved a high degree of success and therefore will not reduce counsel's fee award.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant is to pay the Plaintiff $1,000 in statutory damages and $278 in actual damages pursuant to the parties' settlement, and it is further

**ORDERED,** that the Court awards James Bahamonde attorneys' fees in the total sum of $63,927.50, and it is further

**ORDERED,** that the Court awards James Bahamonde costs in the total sum of $1162.50, and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**