PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRADLEY NIGH,

*Plaintiff-Appellee,*

v.

KOONS BUICK PONTIAC GMC,
INCORPORATED,

*Defendant-Appellant,*

and

HOUSEHOLD AUTOMOTIVE FINANCE
CORPORATION,

*Defendant.*

No. 05-2059

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-00-1634-1)

Argued: November 30, 2006

Decided: February 21, 2007

Before WILKINS, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by published opinion.
Judge Gregory wrote the opinion, in which Chief Judge Wilkins and
Judge Williams joined.

---

## COUNSEL

**ARGUED:** Jack David Lapidus, MACLEAY, LYNCH, GREGG &
LYNCH, Washington, D.C., for Appellant. Alexander Hugo Blank-

ingship, III, BLANKINGSHIP & ASSOCIATES, P.C., Alexandria, Virginia, for Appellee. **ON BRIEF:** Arthur M. Schwartzstein, McLean, Virginia, for Appellant. Thomas B. Christiano, BLANK-INGSHIP & ASSOCIATES, P.C., Alexandria, Virginia, for Appellee.

## OPINION

GREGORY, Circuit Judge:

Koons Buick Pontiac GMC, Inc., appeals a district court order commanding Koons to pay Bradley Nigh $85,083.60 in attorneys' fees incurred in protracted litigation between the two parties. Nigh was successful at trial and before us on appeal, but he lost a dispute regarding a statutory damage cap when Koons appealed our ruling to the Supreme Court. Koons contends that Nigh no longer deserves costs or attorneys' fees, or at least, does not deserve fees for the work done in connection with the Supreme Court appeal and subsequent proceedings.

Nigh filed suit against Koons in October 2000, alleging conversion, breach of contract, fraud, and violations of the Federal Odometer Act, Truth In Lending Act ("TILA"), and Virginia Consumer Protection Act ("VCPA"). The district court dismissed most of Nigh's claims on motion for summary judgment, but a jury ultimately returned a verdict for Nigh under the TILA and the VCPA. Koons appealed its liability and the amount of damages, costs, and attorneys' fees awarded to Nigh. Nigh cross-appealed, arguing that the district court erroneously dismissed two of his claims on summary judgment. We affirmed the district court's judgment in all respects, *Nigh v. Koons Buick Pontiac GMC, Inc.*, 319 F.3d 119, 129 (4th Cir. 2003), and awarded Nigh an additional $11,840 in attorneys' fees for work performed on the appeal.

Koons appealed to the Supreme Court, which reviewed only the amount of damages awarded under the TILA. The Court agreed with Koons that the TILA capped Nigh's damages, then $24,192, at $1,000. *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 64 (2004). The Court remanded the case to us, and we to the district

court. Koons promptly petitioned us for rehearing, noting that we failed to address the issue of attorneys' fees in our remand order. Over Nigh's objection, we granted the petition, vacated all prior awards of attorneys' fees, and remanded for a new determination of fees as well.

On remand, the district court reinstated the attorneys' fees awarded for work done up to and including the initial appeal to this Court. *Nigh v. Koons Buick Pontiac GMC, Inc.*, 384 F. Supp. 2d 915, 917 (E.D. Va. 2005). The court further awarded Nigh $33,644 for the work done in connection with the Supreme Court appeal, $4,564.50 for work on remand to this Court, and $5,906 for work before the district court in connection with the motion on which the court was then ruling. *Id.* The court also reaffirmed its initial award to Nigh of $3,590 in costs. *Id.* In total, Koons was ordered to pay Nigh $85,083.60. *Id.* at 925.

## I.

The TILA requires that a defendant pay costs and reasonable attorneys' fees to any person who brings a "successful action" to enforce liability under the TILA against that defendant. *See* 15 U.S.C. § 1640(a)(3) (2000).[1] The language is imperative: costs and reasonable fees must be awarded to a plaintiff who brings a successful action. The only variable in the calculation is the amount of attorneys' fees, the determination of which is left to the discretion of the district court with the stipulation that the fees be reasonable. *See de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233 (1st Cir. 1990); *see also Doe v. Chao*, 435 F.3d 492, 503 (4th Cir. 2006) (discussing the fee-shifting provision of the federal Privacy Act). In this case, Nigh

---

[1]The statute says, in relevant part:

> [A]ny creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person in an amount equal to . . . in the case of any successful action to enforce the foregoing liability . . . the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1640(a)(3).

brought a successful action, so Koons must pay him costs and reasonable attorneys' fees.

As it is used in § 1640(a)(3), *action* encompasses each stage of Nigh's litigation, including the Supreme Court appeal and all the proceedings that followed. The TILA does not define *action*, but its context makes its meaning plain: an action is a lawsuit. When dealing with similar language in Title VII of the Civil Rights Act of 1964, we acknowledged that, in its usual sense, *action* is synonymous with "a suit brought in a court." *Chris v. Tenet*, 221 F.3d 648, 652 (4th Cir. 2000) (citing *Black's Law Dictionary* 26 (deluxe 5th ed. 1979)). It has been, apparently, since at least 1483. *See Oxford English Dictionary* 128 (2d ed. 1989) (defining *action* as 'A legal process or suit'). An action constitutes more than an individual appearance before one particular tribunal. In ordinary usage, an action—a civil action, at least—begins with the filing of a complaint and ends when no party may any longer obtain review of the final disposition of the case, encompassing all steps necessary in between. We casually equate *action* with *suit* quite often; we did so earlier in this very litigation. Describing the initiation of the lawsuit, but also referring to the legal dispute before us at the time, we said: "Nigh, claiming that Koons Buick defrauded him, brought this action under the statutory authority of the TILA . . . ." *Nigh*, 319 F.3d at 123. This common understanding of *action* is consistent with § 1640(a)(3), and we need look no further for the word's import, *see United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989).

Defining *action* in this way means it is possible for a TILA plaintiff to obtain attorneys' fees for a stage of the litigation at which she does not prevail. If a plaintiff does not prevail before the district court, but later is determined to have successfully demonstrated a defendant's liability, her action is successful, and she may recover fees for work done at the trial level. *See, e.g.*, *Gibson v. LTD, Inc.*, 434 F.3d 275, 286 (4th Cir. 2006) ("Because Gibson has been successful on three TILA claims, not just the two found by the district court, we vacate the district court's award of attorneys fees and remand to permit the court to reassess its award in view of these changed circumstances."). Conversely, if an appellate court overturns a district court's finding of liability under the TILA, the plaintiff's action is not successful, and she is not entitled to fees for either stage of the litigation.

In this case, Nigh's action was successful. True, many of the claims he originally brought were dismissed, but a jury found Koons liable to Nigh under the TILA, and its finding has not been upset by any court since. Nigh recovered not a trifle, but the maximum amount permissible under the statute. Simply put, Nigh is the prevailing party. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-04 (2001); *Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992); *Griggs v. E.I. DuPont de Nemours & Co.*, 385 F.3d 440, 454 (4th Cir. 2004). The TILA does not award fees and costs to prevailing parties, of course. At least, it does not do so explicitly. Rather, the act awards fees and costs to victims of TILA violations who bring successful actions against the violators. § 1640(a)(3). But there is little reason to suppose that a successful action is anything more or less than an action brought by a prevailing party. *See Dechert v. Cadle Co.*, 441 F.3d 474, 476 (7th Cir. 2006); *see also Ruckelshaus v. Sierra Club*, 463 U.S. 680, 701 & n.12 (1983) (grouping statutes that award fees for "successful actions" together with statutes that award fees to "prevailing" or "substantially prevailing" parties). Just as a plaintiff can prevail when only one of his claims succeeds, so his action can succeed when only one of its constituent claims prevails. Nigh's action, then, was successful. Even so, Nigh is not necessarily entitled to have all his litigation expenses reimbursed. He is owed only costs and reasonable attorneys' fees.[2]

## II.

Costs are simple enough. In August 2003, after we issued our first opinion in this case, the district court awarded Nigh $3,590 in costs. Following the Supreme Court proceedings, we granted Koons's petition for rehearing regarding attorneys' fees and costs, vacated the fee awards, and remanded the case to the district court for a reassessment

---

[2]The district court awarded Nigh fees under both the TILA and the VCPA, which permits a court to award "reasonable attorneys' fees and court costs" to a person who suffers loss as a result of a violation of the Virginia statute. Va. Code Ann. § 59.1-204 (2006). Because the award of costs and reasonable fees is mandatory under the TILA (and because Koons does not argue specifically that the district court abused its discretion by choosing to award costs and fees under the VCPA), we need not discuss the Virginia law further.

of fees. We did not vacate the award of costs. At Koons's behest, the district court reconsidered the award anyway, but decided to reaffirm it. *Nigh*, 384 F. Supp. 2d at 917. Koons now asks us to vacate (or at least substantially reduce) the award, which we will not do. Koons supplies no reason for us to believe the district court flubbed its calculation of costs in the first instance, and nothing about the succeeding litigation has changed the nature of the trial or initial appeal such that Nigh should no longer be entitled to litigation costs for those proceedings. He brought a successful TILA action and therefore is entitled to costs. *See* § 1640(a)(3). The district court's award of $3,590 in costs is affirmed.

### III.

The question of reasonable fees is more complicated. As a preliminary matter, we affirm the reinstatement of $11,840 for attorneys' fees amassed during the initial Fourth Circuit appeal. Despite Koons's Supreme Court success in the damage-cap dispute, the Fourth Circuit fee award remains reasonable. We awarded Nigh only about eighty-one percent of the fees he sought for the Fourth Circuit work because his cross-appeal was unsuccessful. Nigh devoted a scant four pages of his appellate briefs in that proceeding to argument about the TILA damage cap. Of course, that argument turned out to be unsuccessful as well. *See Koons*, 543 U.S. at 64. An additional reduction in fees to reflect Koons's ultimate vindication on the damage-cap question may well have been appropriate, but we cannot say the district court abused its discretion by declining to order one.

### IV.

We would like to uphold the district court's fee award respecting the initial trial proceedings as well, but we are compelled to remand for a recalculation. The district court order under review says that Nigh is awarded $29,129.10, "the amount previously awarded to Plaintiff by this Court," *Nigh*, 384 F. Supp. 2d at 917, but the court previously awarded Nigh only $26,129.10. The earlier order, issued in 2001, purported to reduce Nigh's requested fees of $43,548.50 by forty percent, "and thus award[ ] him $29,129.10 in attorneys' fees and costs." *Nigh v. Koons, Buick, Pontiac, GMC, Inc.*, No. 00-1634-A, Mem. Order at 18 (E.D. Va. Aug. 10, 2001). A forty-percent

reduction of $43,548.50, however, yields only $26,129.10—the amount the court directed Koons to pay just two lines later, on the final page of the order.[3] On remand the court likely committed a simple error in transcription, copying the $29,129.10 figure from its earlier order when it intended to reinstate the $26,129.10 award instead. We would have no trouble approving either the $26,129.10 or the $29,129.10 award—both seem reasonable under the circumstances, and we upheld $26,129.10 once already—but we cannot ratify an award explained primarily by inadvertence. For this reason, we remand this portion of the case and ask the district court to recalculate the attorneys' fees owed Nigh for the work done up to the initial Fourth Circuit appeal.

V.

The most hotly-contested fees in this case are those awarded for work done in connection with the Supreme Court proceedings and the subsequent proceedings on remand. In Koons's estimation, it is patently unreasonable to award Nigh fees for losing an argument before the Supreme Court and unsuccessfully opposing Koons's petition for rehearing on the issue of fees. (Koons does not specifically address the fees awarded for Nigh's successful briefing of the district court on remand, but because it has asked us to vacate all fee awards, we know it objects to these as well.) Judged against the familiar presumption in American law that a litigant pays his own litigation expenses, *see Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006), Koons's position has a certain plausibility. Why should Nigh be compensated for the effort it took to propound a losing argument?

---

[3]In its entirety, the final portion of the August 10, 2001, order reads as follows:

[T]he Court reduces Nigh's requested amount of $43,548.50 by forty percent, and thus awards him $29,129.10 in attorneys' fees and costs. Accordingly it is hereby

ORDERED that Plaintiff's Motion for Attorneys' Fee is GRANTED; and

ORDERED that Defendant Koons is ordered to pay Plaintiff Nigh $26,129.10 for attorneys' fees and court costs.

*Nigh*, No. 00-1634-A, Mem. Order at 18-19 (E.D. Va. Aug. 10, 2001).

A fee-shifting provision like § 1640(a)(3) subsidizes the lawsuits of meritorious plaintiffs. Such subsidies appear frequently in civil rights and consumer protection laws, presumably because Congress is (or was) particularly interested in seeing those laws prosecuted. *See, e.g.*, 42 U.S.C. § 1988(b) (2000). The members of Congress who approved the TILA may have assumed either that the victims of TILA violations could not afford to bring TILA claims or that they would choose not to after considering the low returns those claims yield relative to the high costs of litigation. Even if lawyers take TILA cases on contingency, as Nigh's lawyers did, such assumptions remain reasonable under the law as it is now written. *Cf. City of Riverside v. Rivera*, 477 U.S. 561, 577 (1986) (discussing the limitations of contingent fee arrangements in civil rights cases). TILA awards will rarely be enough to cover the costs of representation; in most cases, they scarcely will cover the costs of filing a claim. *See* § 1640(a)(2)(A). Only with fee shifting does the prosecution of a typical individual TILA claim become an economically sensible possibility.

Defending against a TILA claim is another matter. Defendants in TILA suits are more likely to be repeat violators than plaintiffs are to be repeat victims.[4] For a defendant like Koons, the risk of losing more in costs and fees than is gained in refunded damages in one particular appeal may well be a risk worth taking: what is lost in fees in that case may be saved in damages in a later one. If Koons ever finds itself in TILA litigation of this sort again, it can now rest assured that its damages will be capped at $1,000. For a repeat player, this security has great value, likely much more than the additional fees Koons has been ordered to pay in this litigation as a result of its choice to appeal to the Supreme Court.

If it seems harsh that litigants in Koons's position might be forced

---

[4]Consider a case like Nigh's as an example. We can reasonably expect a car dealership to be involved in far more car sales than any individual customer is likely to be. If the dealership cheats in thirty percent of its car sales, and the customer is cheated in thirty percent of her car purchases, the dealership will be involved in more illegal transactions than will be the customer. Assuming the dealership sells to customers of average propensity to litigate, it is much more likely than they to be involved in a TILA suit.

to choose between paying additional fees and forsaking an appeal, the complaint is more properly lodged with Congress than with the courts. Section 1640(a)(3) does not differentiate between appeals taken to contest liability and appeals taken to contest damage awards (or other matters that do not affect the underlying liability). The statute's text remained unchanged throughout the course of this litigation. Koons knew or should have known that by appealing only the question of damages to the Supreme Court it risked losing more in fees and costs than it stood to gain in refunded damages. When Koons chose to appeal our initial ruling, it accepted responsibility for the reasonable attorneys' fees Nigh would incur defending his judgment before the Supreme Court and in subsequent proceedings.

We have upheld fee awards in similar circumstances before. In *Plyler v. Evatt*, 902 F.2d 273 (4th Cir. 1990), for example, a group of South Carolina inmates brought a class action under 42 U.S.C. § 1983 against the South Carolina Department of Corrections and eventually reached a settlement, prompting a consent decree. *Id.* at 276. The Department of Corrections moved to modify the consent decree, hoping to loosen some of the restrictions imposed upon it by the order, but the district court denied the motion. *Id.* We reversed the district court and granted the motion. *Id.* On remand the district court awarded attorneys' fees to the inmates for their unsuccessful defense of the consent decree, and, on a second appeal, we upheld that award. *Id.* at 277, 281. In *Perry v. Bartlett*, 231 F.3d 155 (4th Cir. 2000), we followed *Plyler* and approved an award of attorneys' fees for an unsuccessful interlocutory appeal taken by the plaintiffs (who ultimately prevailed in the lawsuit) even though the appeal sought a preliminary injunction and did not deal directly with the defendants' liability. The *Plyler* and *Perry* precedents belie Koons's contention that, because Koons prevailed in front of the Supreme Court, there is no basis for Nigh's recovery of any fees incurred after the initial Fourth Circuit appeal.

Once we allow that awarding fees is not intrinsically unreasonable, we must consider whether the district court abused its discretion by granting Nigh the amount of fees that it did. Koons offers no reason to believe that the district court erred in its calculation of a reasonable fee using the usual lodestar method. The district court meticulously considered each of the twelve factors listed in *Barber v. Kimbrall*,

577 F.2d 216 (4th Cir. 1978), and concluded that a full award of attorneys' fees was reasonable. Although not all the *Barber* factors seem particularly well-suited to the facts of this case, the district court did not abuse its discretion by calculating the reasonable fees using the factors for guidance. *See Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.)*, 86 F.3d 364, 376 (4th Cir. 1996) (citing *EEOC v. Service News Co.*, 898 F.2d 958, 956 (4th Cir. 1990)). The district court's award of attorneys' fees for work done in connection with the Supreme Court argument and subsequent proceedings is affirmed.

## VI.

One final matter merits our attention. Koons devotes a considerable portion of its brief to discussion of Nigh's degree of success. Koons argues that Nigh enjoyed very little success (obtaining only $1,000 in damages for his TILA claim) and should have his fee award for the trial and initial appeal reduced by at least eighty-five percent, if not erased completely. Koons's formula measures success purely in terms of dollars awarded: if $24,192.80 in damages merited a certain attorneys' fee award, $1,000 merits substantially less.

Koons has the right idea, to a certain extent. We do consider the extent of the relief obtained by the plaintiff to be particularly important when calculating reasonable fees, *see Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005), and *Barber* requires district courts to weigh the amount in controversy and the results obtained before deciding upon a reasonable fee, 577 F.2d at 226 n.28. Looking to the extent of relief permits courts quickly to assess the merits of a plaintiff's claims. *See Farrar*, 506 U.S. at 115. The *Barber* requirement rests on the idea that a prevailing plaintiff is less worthy of a fee award when one or more of his claims lack merit—that is, when he cannot demonstrate that he deserves the compensation he demanded in his complaint. Still, we do not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall. *See Rivera*, 477 U.S. at 574; *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983); *Cooper v. Dyke*, 814 F.2d 941, 950-51 (4th Cir. 1987). The first time we heard this case, for example, we approved the district court's fee award, which represented sixty percent of the fee Nigh requested, even though his recovery did not

necessarily represent sixty percent of the damages he sought. *Nigh*, 319 F.3d at 129.

As recompense for Koons's TILA violation, Nigh sought actual damages (to be proven at trial), statutory damages due under 15 U.S.C. § 1640, interest, costs, and attorneys' fees. His complaint did not specify a dollar amount sought. At trial Nigh proved to the jury's satisfaction that the statutory damages equaled $24,192.80—twice the finance charges Koons assessed against him. *Koons*, 543 U.S. at 58. Only after the Supreme Court decision did he learn that his statutory damages must be limited to $1,000. Nigh asked for the maximum to which he potentially was entitled under the TILA. Even after the Supreme Court's reduction of Nigh's monetary recovery, he receives that maximum. Koons's contention that this recovery is somehow *de minimis* betrays a profound misunderstanding of either the expression or the facts of this case. Nigh received the maximum recovery permissible under the TILA. The district court acknowledged that Nigh's damages were substantially less than they had been, but nevertheless deemed his TILA action successful enough to reinstate his old fee awards. *Nigh*, 384 F. Supp. 2d at 920. It did not abuse its discretion by doing so.

## VII.

In sum, we affirm all the district court's cost and damage awards except the award for attorneys' fees incurred prior to the initial Fourth Circuit appeal. Nigh's TILA action was successful, so Koons must pay him costs and reasonable fees. Those fees properly may include reimbursement for work performed at all stages of the litigation. We remand only so that the district court may revisit its calculation of the trial fees.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*