DOLLAR TREE STORES,
INC., Plaintiff,

v.

NORCOR BOLINGBROOK
ASSOCIATES, LLC,
Defendant.

Civil Action No. 2:09cv66.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 4, 2009.

James A. Gorry, III, Kendra Jo Jarrell, William Franklin Devine, Williams Mullen Hofheimer Nusbaum, Norfolk, VA, for Plaintiff.

Declan C. Leonard, Jeffrey Lynn Rhodes, Albo & Oblon LLP, Arlington, VA, for Defendant.

## OPINION AND ORDER

JEROME B. FRIEDMAN, District Judge.

Currently before the court is plaintiff Dollar Tree Stores, Inc.'s ("Dollar Tree") motion for an award of attorney's fees and prejudgment interest. The motion was fully briefed, and after examination of the briefs and the record, the court has determined that oral argument on the instant motion is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, the court **GRANTS** plaintiff's motion and **AWARDS** plaintiff $415,043.50 in attorney's fees [1] and $53,982.13 in interest.

## PROCEDURAL HISTORY

The factual background and procedural history of this case were set forth in detail in the court's September 10, 2009 Opinion and Order granting plaintiff's motion for summary judgment, and will therefore not be reiterated herein. On September 23, 2009, the court entered an Agreed Order modifying the amount of the court's award of compensatory damages to plaintiff from $252,478.40 to $248,459.22, to reflect a $4,019.18 credit to defendant Norcor Bolingbrook Associates, LLC ("Norcor"). On September 24, 2009, plaintiff timely filed the instant motion for attorney's fees and interest and a memorandum in support. On the following day, plaintiff filed a notice of correction relating to certain numerical errors in its motion and memorandum in support. On October 8, 2009, defendant filed its response to plaintiff's motion. On October 15, 2009, plaintiff filed its reply brief in further support of the instant motion.

## STANDARD OF REVIEW

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir.2008)). The lodestar figure is "[t]he most useful starting point for determining the amount of a reasonable fee," because it "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The fee applicant bears the burden of proving the reasonableness of the requested hourly rates, and "[i]n addition

1. This amount consists of the $384,578 requested by the instant motion for all work performed by plaintiff's counsel through September 18, 2009 plus the $30,465.50 requested in plaintiff's reply brief for all work performed from September 19 through October 14, 2009.

to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Grissom,* 549 F.3d at 321 (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990) (internal quotation marks and citations omitted)); *accord Robinson,* 560 F.3d at 244. In this connection, the United States Court of Appeals for the Fourth Circuit has explained:

> The prevailing market rate may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of actual rates which counsel can command in the market.

*Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.1987); *see also Daly v. Hill,* 790 F.2d 1071, 1080 (4th Cir.1986) (noting the "customary" practice of submitting "affidavits from other area attorneys as evidence that [the] requested rates were within the market rates generally charged for similar services").

In analyzing the overall reasonableness of a fee request, the Fourth Circuit has "instructed that a district court's discretion should be guided by the ... twelve factors" established by the United States Court of Appeals for the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Robinson,* 560 F.3d at 243. These factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978); *accord Robinson,* 560 F.3d at 243–44 (quoting *Barber* ); *Grissom,* 549 F.3d at 321 (citing *Spell,* 824 F.2d at 1402 n. 18). Although the court need not address in detail every single one of these factors—*see, e.g., Moore v. SouthTrust Corp.,* 392 F.Supp.2d 724, 733 (E.D.Va.2005)—it will, of course, discuss those that are relevant to its determination of the reasonable amount of attorney's fees to award in this case.

## ANALYSIS

Plaintiff requests in connection with its instant motion, pursuant to the explicit terms of the lease agreement between plaintiff and defendant, a total award of $415,043.50 in attorney's fees and $53,982.13 in prejudgment interest. Plaintiff has submitted declarations from (1) Gregory N. Stillman, Managing Partner of Hunton & Williams LLP's office in Norfolk, Virginia, (2) William F. Devine of Williams Mullen, plaintiff's counsel in this case, (3) James A. Gorry, III, plaintiff's general counsel, and (4) Daniel A. Mayak, plaintiff's accounting expert, substantiating and supporting the reasonableness of its fee and interest requests.

Defendant does not appear to challenge the reasonableness of the hourly rates or time records claimed by plaintiff's counsel, or the validity of the declarations filed by plaintiff in support of its fee request. In-

stead, defendant argues that, due to its successful motion for partial dismissal of plaintiff's complaint, plaintiff ultimately recovered only 72.3% of the total amount of damages sought in this case. Thus, since plaintiff achieved only partial success in this case, defendant argues, it should not be awarded the full amount of attorney's fees it requests.

Although plaintiff acknowledges that the court granted defendant's motion for partial dismissal of plaintiff's complaint with respect to certain years of the lease term that the court determined to be beyond the applicable statute of limitations—to wit, 1999–2002—plaintiff argues that the result it achieved in this case was nevertheless an excellent one, for which a fully compensatory fee is appropriate. Plaintiff emphasizes that its success in this case not only resulted in an award of damages for the period 2003 to the present, but also created future savings for plaintiff on the 10 years remaining on the lease term. Plaintiff also notes that it also, in fact, partially succeeded in defeating defendant's motion for partial dismissal, which had also requested dismissal of plaintiff's claim with respect to the year 2003, which the court allowed to remain in the case, and for which the court ultimately awarded plaintiff damages. Plaintiff further emphasizes that, since its complaint alleged only one count for breach of contract, and thus in no way differentiated between the periods 1999–2002 and 2003–2009 for purposes of that claim, there is arguably no discrete portion of its fees that relate only to its unsuccessful efforts to recover for the period 1999–2003. Consequently, plaintiff argues, it is entitled to a full award notwithstanding defendant's partial victory on its motion for partial dismissal.

Defendant claims that plaintiff should not have opposed defendant's argument in its motion for partial dismissal that Virginia's five-year statute of limitations, and not Illinois's ten-year statute of limitations, was applicable to plaintiff's complaint. Defendant characterizes plaintiff's opposition as unreasonable and unnecessary in light of the obvious nature of the issue. Defendant notes in this connection that the invoices submitted by plaintiff's counsel reveal that they were aware of there being possible statute of limitations issues even before filing the complaint in this case, and that plaintiff's accounting expert noted the potential applicability of the ten-year statute of limitations provided by Illinois law. To the extent that plaintiff's fee request can be understood as claiming bad faith on the part of defendant—specifically, that defendant conceded only after several months of litigation certain key points that should have been conceded at the outset—defendant rejoins that it conducted the litigation in good faith.

Although defendant is, of course, correct to note that the court partially granted its motion for partial dismissal, concluding that Virginia's five-year statute of limitations applied to plaintiff's claim, the court cannot agree with defendant that plaintiff's opposition to its motion for partial dismissal was entirely unreasonable or unnecessary. Plaintiff opposed that motion because it believed that Illinois's ten-year statute of limitations, which would have encompassed the entire period claimed in plaintiff's complaint, was applicable to its claim in this case in light of the lease agreement's choice of law provision. The court has no reason to believe that plaintiff's argument, which admittedly relates to the sometimes esoteric area of conflict of laws, was advanced in bad faith.

 In this connection, the United States Supreme Court and the Fourth Circuit have explained that although the degree of a party's success is "'the most critical factor'" in determining a reasonable fee award, a court's analysis of that

factor should not be limited to "a purely mathematical comparison between the number of claims pressed and the number prevailed upon." *Brodziak v. Runyon*, 145 F.3d 194, 196–97 (4th Cir.1998) (quoting *Hensley*, 461 U.S. at 435 n. 11, 436, 103 S.Ct. 1933). The Fourth Circuit has indicated that it will "not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall." *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir.2007).

> Rather, the appropriate inquiry concerns whether the claims on which the plaintiff prevailed are related to those on which he did not. When successful claims are unrelated to unsuccessful claims, it is not appropriate to award fees for the latter. When, however, all claims "involve a common core of facts ... [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."

*Brodziak*, 145 F.3d at 197 (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933) (internal citation omitted). In such cases, the Supreme Court further explained that "[s]uch a lawsuit cannot be viewed as a series of discrete claims," and that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933; *accord Brodziak*, 145 F.3d at 196; *Cooper v. Dyke*, 814 F.2d 941, 950–51 (4th Cir.1987); *Saleh v. Moore*, 95 F.Supp.2d 555, 576–77 (E.D.Va.2000).

■ As plaintiff correctly argues, this case is not one in which "a plaintiff ... present[s] in one lawsuit distinctly different claims for relief that are based on different facts and legal theories." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. Consequently, this is also not a case in which "counsel's work on one claim [was] unrelated to his work on another claim," such that the "work on [the] unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* at 434–35, 103 S.Ct. 1933 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 50–49, 1974 WL 180 (C.D.Cal. 1974)). Instead, plaintiff advanced only a single claim for breach of a lease agreement over a period of years. It was nothing more than the mechanical operation of the applicable statute of limitations that caused the dismissal of plaintiff's claim with respect to certain of those years. Consequently, and especially in light of the fact that plaintiff was partially successful in opposing defendant's motion for partial dismissal, the court does not believe that plaintiff's fee award should be reduced merely because of the partial success of defendant's statute of limitations argument. *See, e.g., Nigh*, 478 F.3d at 188–89 (affirming district court's award of fees to plaintiff's counsel for time spent on unsuccessful arguments before the Supreme Court and opposing rehearing before the Fourth Circuit in light of the district court's meticulous consideration of the *Johnson/Barber* factors in concluding that a full attorney's fee award was reasonable).

■ Turning to the other relevant *Johnson/Barber* factors, although the court does not consider the breach of contract claim that lies at the core of this matter to be particularly novel or difficult, as noted above, the case also involved a legitimate question regarding competing statutes of limitations. With respect to the customary fee for like work, the court relies on Mr. Stillman's declaration, in which he represents to the court that Williams Mullen's

hourly rates and the number of hours expended on this litigation were reasonable. As detailed by his declaration, Mr. Stillman reached this conclusion on the basis of his review of the record of this case, Williams Mullen's billing records for it, and applicable case law, as well as his long personal experience as a leading commercial litigator in the Hampton Roads area. With respect to the amount in controversy, the fact that the amount of fees requested exceeds the amount of monetary damages awarded is not necessarily of any particular significance, especially in light of plaintiff's observation that the result achieved in this case will also create considerable prospective savings to plaintiff for the remaining term of its lease. *See, e.g., City of Riverside v. Rivera,* 477 U.S. 561, 576–80, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (declining to adopt a rule requiring proportionality between the amount of attorney's fees awarded and the amount of damages recovered in the context of civil rights litigation); *accord Dollar Tree Stores, Inc. v. Centro NP LLC,* Civ. Action No. 2:07cv608, slip op. (E.D.Va. Dec. 5, 2008) (awarding in full Williams Mullen's requested fees, which were more than double the amount of damages awarded, in a lease overcharge case extremely similar to the instant one also principally litigated by Mr. Devine and Ms. Jarrell); *Saleh,* 95 F.Supp.2d at 560 (awarding attorney's fees amounting to approximately six times the amount of damages recovered for claims of employment discrimination and retaliation).

The nature and length of the professional relationship between plaintiff and its counsel in this case is particularly strong: plaintiff has used Williams Mullen and its predecessor, Hofheimer Nusbaum, P.C., as its principal outside counsel since plaintiff's founding, and Mr. Gorry, plaintiff's Vice President, General Counsel, and Corporate Secretary, was previously a partner in those law firms. Mr. Gorry notes that plaintiff hired Williams Mullen on an hourly fee basis, and indicates his belief that its hourly rates and the amounts of time billed by its attorneys to this matter are reasonable. With respect to the experience, reputation, and ability of plaintiff's counsel, the court notes that Mr. Devine, whose strong reputation in the Hampton Roads legal community is known to this court, has over 20 years of experience as a complex commercial litigator, and his law firm, Williams Mullen, enjoys a similarly strong reputation in this legal community for its litigation work.

The court also believes that the hourly rates charged by plaintiff's counsel and the overall amount of the requested fee award are entirely consistent with other recent awards of attorney's fees in commercial cases. *See, e.g., Lake Wright Hospitality, LLC v. Holiday Hospitality Franchising, Inc.,* Civ. Action No. 2:07cv530, slip op., 2009 WL 4841017 (E.D.Va. Oct. 23, 2009) (Final Order and Judgment awarding attorney's fees); *Dollar Tree,* Civ. Action No. 2:07cv608, slip op. (E.D.Va. Dec. 5, 2008) (as noted above, awarding Williams Mullen's fee request in full in an extremely similar case). Consequently, in light of the undisputed evidence submitted to the court demonstrating the reasonableness of Williams Mullen's hourly rates and time expended on this litigation, and in the absence of any competing evidence or other substantive arguments from defendant, the court will award plaintiff's counsel its request for attorney's fees in full.

■■ With respect to the issue of prejudgment interest, plaintiff argues that its entitlement is well established by applicable case law, which holds that one who has the use of another's money should pay interest on it. *See, e.g., Upper Occoquan Sewage Auth. v. Blake Constr., Co.,* 275 Va. 41, 655 S.E.2d 10, 22–23 (2008); *Dollar Tree,* Civ. Action No. 2:07cv608, slip op. at

14–15 (E.D.Va. Dec. 5, 2008). This issue is, of course, a matter of discretion for the court. *See, e.g., Moore Bros. Co. v. Brown & Root, Inc.,* 207 F.3d 717, 727 (4th Cir. 2000). The amount plaintiff requests is substantiated by a declaration by Daniel A. Mayak, plaintiff's accounting expert. Defendant argues in opposition simply that the court should, in its discretion, reduce the amount of prejudgment interest awarded by some amount to account for the fact that plaintiff "largely sat on its rights" for several years prior to instituting this lawsuit. Defendant's Memorandum in Opposition to Dollar Tree's Motion for Attorneys' Fees and Interest at 9. However, this case involved a lessor systematically overcharging its lessee over a period of years by improperly including certain expenses in, and otherwise improperly calculating the square footage basis for, the lessee's share of common area maintenance expenses. In a case involving such conduct, the court believes an award of prejudgment interest is entirely appropriate.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees and prejudgment interest is **GRANTED,** and the court hereby **AWARDS** and **ORDERS** defendant to pay to plaintiff within thirty (30) days of the date of this Opinion and Order attorney's fees in the amount of $415,043.50 for all work performed through October 14, 2009, as well as prejudgment interest in the amount of $53,982.13.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel of record for the parties.

It is so **ORDERED.**