GREGORY, Circuit Judge,
dissenting:
The fee award in this case is clearly wrong. After calculating the initial lodestar fee of $47,800, the district court stated that based on “the amount involved and the results obtained,” it was reducing the fee award by twenty-five percent. J.A. 369.[1] While the majority correctly notes that this is an appropriate factor to consider under our precedent, we also have precedent that mandates such consideration occurs by comparing the relief sought to the relief awarded. Under the latter case law, I am left with the inescapable conclusion that the court abused its discretion by focusing on the value of the employees’ claims and thus respectfully dissent.
I.
This Court has recognized that the factor relied on by the district court to reduce the lodestar fee, “the amount in controversy and the results obtained,” Barber v. Kimbrell’s Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978), is largely coextensive with the court’s consideration of the employee’s “degree of success.” Nigh v. Koons Buick Pontiac GMC, Inc., 478 F.3d 183, 190 (4th Cir.2007). “When considering the extent of the relief obtained, we must compare the amount of the damages sought to the amount awarded.” Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir.2005). This comparison “rests on the idea that a prevailing plaintiff is less worthy of a fee award when one or more of his claims lack merit — that is, when he cannot demonstrate that he deserves the compensation he demanded in his complaint.” Nigh, 478 F.3d at 190.
The above analysis is consistent with the Supreme Court’s elucidation of how district courts should account for the “degree of success.” In Hensley v. Eckerhart, the Supreme Court stated that in considering the “degree of success,” “[t]he result is what matters.” 461 U.S. 424, 435-36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (finding that in a case where “a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount”). The Court found that although district courts have discretion in making these judgments, the courts must consider this success or result “in comparison to the scope of the litigation as a whole.” Id. at 440, 103 S.Ct. 1933. For example, in Hensley itself, the Court explained that “had respondents prevailed on only one of their six general claims, ... a fee award based on the claimed hours clearly would have been excessive.” Id. at 436, 103 S.Ct. 1933.
*246 Following these principles, courts have reduced fee awards where FLSA plaintiffs recovered only a portion of the amount actually sought. See, e.g., Saizan v. Delta Concrete Prods. Co., Inc., 448 F.3d 795, 801 (5th Cir.2006) (affirming the district court’s reduction of the lodestar fee due to the difference between the amount initially sought in the complaint and the ultimate settlement amount); Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 558 (7th Cir.1999) (affirming the district court’s reduction of the lodestar fee because the plaintiff failed to obtain the full overtime pay that was asserted in the complaint and failed all-together on his claim for discrimination and its accompanying request for damages). Courts have also reduced fee awards based on degree of success when the plaintiffs prevailed on only some of the claims brought. See, e.g., Spegon, 175 F.3d at 558; Baird v. Boies, Schiller & Flexner LLP, 219 F.Supp.2d 510, 523-24 (S.D.N.Y.2002).
In light of the above case law, the district court’s focus on the damages awarded as compared to the attorneys’ fee is more than “analytic imprecision” or “imprecise methodology.” Maj. Op. at 243-44. Rather, it constitutes error. In its initial determination of the fee, the court stated that the employees’ “total recovery was less than $10,000 before being doubled under the liquidated damages provision of the FLSA,” that “of the six awards, four were less than $1,000 before doubling,” and that “[a]n attorneys’ fee should bear some reasonable relationship to the recovery of the plaintiffs.” J.A. 369. The court then stated that it was reducing the lodestar fee by twenty-five percent “[g]iven the modest value of the plaintiffs claims.” J.A. 369. No other explanation was given for the fee reduction at the time of the determination. No comparison of the relief sought to the relief awarded was conducted by the court, as mandated by case law when considering “results” or the “degree of success.” Nor did the court decide that any claims put forward by the employees lacked merit. Subsequently responding to the employees’ objection to the fee reduction, the court’s main justification for reducing the fee remained its belief that “the amount of plaintiffs’ claims and their eventual recovery was quite modest.” J.A. 418.
“A presumptively correct ‘lodestar’ figure should not be reduced simply because a plaintiff recovered a low damage award.” Cowan v. Prudential Ins. Co. of America, 935 F.2d 522, 526 (2d Cir.1991). The size of the damage award carries even less weight here given that the case arose under the fee-shifting provision of the FLSA. See Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir.1999) (“Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation.”); Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir.1994) (“The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiffs recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights.” (alteration in original) (internal quotation marks and citations omitted)). Thus, by subjectively labeling the employees’ success “modest” and failing to look at the success of the employees’ claims “in comparison to the scope of the litigation as a whole,” Hensley, 461 U.S. at 440, 103 S.Ct. 1933, the court abused its discretion.
While the court did have discretion to consider the size of the damages award, that amount was relevant only when compared to the damages sought. Mercer, *247 401 F.3d at 204. The district court itself found that no reduction for “degree of success” was necessary because the employees “settled all of their claims for full value” J.A. 370 (emphasis added). I assume that the district court meant what it said. Indeed, full success is supported by the record. The employees negotiated a settlement that provided them with the maximum monetary relief due under the FLSA — the full amount of overtime pay owed plus an equal amount of liquidated damages. When compared to the scope of litigation as whole, which evolved solely around the FLSA claims, this relief cannot be classified as limited. There was no other claim that the employees failed to succeed on the merits, and the majority even agrees that the settlement agreement “resolv[ed] all of Appellants’ claims.” Maj. Op. at 240. Thus, the full lodestar fee should have been awarded.[2]
The majority closes its eyes to the district court’s focus on the value of the employees’ claims. Beyond repeating the same mistake made by the district court— judging the result obtained as “modest” in and of itself, see maj. op. at 243 (describing the employees’ full recovery as a “modest result”) — the majority seems to assert that the district court correctly compared the result obtained to the result sought in justifying the fee reduction. This cannot be the case. The district court did, only after the employees objected, state that it compared the relief sought to the relief obtained, and that the employees “did not receive any of the other forms of relief they sought in the complaint.” J.A. 418.[3] The court is referring to the prayer for relief contained in the complaint, which sought punitive damages, a request for declaratory judgment, and various forms of injunctive relief. The majority likewise cites to the prayer for relief, maj. op. at 240-41, as proof that a fee reduction is appropriate because the employees failed to obtain every form of relief requested. In this case, placing such a burden on the employees in order for them to obtain the full lodestar fee, which is presumptively reasonable, is unfounded. First, as the employees and amicus point out, punitive damages and reinstatement or other in-junctive relief are not available for claims under the FLSA. EEOC v. Gilbarco, Inc., 615 F.2d 985, 987 n. 1 (4th Cir.1980) (finding that only the Secretary of Labor may bring an action for injunctive relief); Lanza v. Sugarland Run Homeowners Ass’n, Inc., 97 F.Supp.2d 737, 741 (E.D.Va.2000) (holding that punitive damages are not allowed under the FLSA). Therefore, the employees argue that the request for such relief was merely boilerplate language and should not provide a basis for finding limited success. There is support for this assertion. See Smith v. District of Columbia, 466 F.Supp.2d 151, 160 (D.D.C.2006) (“The District of Columbia argues that Plaintiffs degree of success — the award of $72,000 — should be measured against the ad damnum clause in her Complaint. That is just plain foolish. Ad damnum requests, as all judges and litigants know, *248 rarely bear any relationship to reality or expectations.”). Second, “[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court’s rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.” Hensley, 461 U.S. at 435, 103 S.Ct. 1933. Here, the result was significant and the best possible under the FLSA, which was the employees’ only stated source of relief. In “the scope of the litigation as a whole,” id. at 440, 103 S.Ct. 1933, the relief was not limited.
Finally, because the other relief referred to by the district court and the majority is available only through the breach of contract or quantum meruit claims, the court must have necessarily meant that the failure of the employees to prevail on those claims, in addition to the FLSA claim, merited a reduction in the lodestar fee. The majority specifically cites “the presence of state law claims.” Maj. Op. at 243. Yet, it was impossible for the employees to prevail on both the FLSA claim and the breach of contract/quantum meruit claims. Quantum meruit was an alternative to the breach of contract claim. Additionally, the breach of contract claim nowhere relies on Virginia law and asserts no contractual basis for the claim other than the FLSA. Thus, the breach of contract duplicates the FLSA claim and is preempted under this Circuit’s precedent. See Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir.2007). The court, therefore, relied on an alternative claim on which the employees had no chance of success.
It is telling that the majority omits discussion of the district court’s final rationale for reducing the lodestar fee — that the employees “did not achieve the sort of public benefits discussed in City of Riverside.” J.A. 418. This assertion is patently incorrect. As the court itself recited in the same order, “damages in civil rights cases also serve[ ] the public interest, for example, by deterring future civil rights violations.” J.A. 417 (citing City of Riverside v. Rivera, 477 U.S. 561, 575, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)). In City of Riverside, the Supreme Court stated, “[r]egardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards.” 477 U.S. at 574, 106 S.Ct. 2686. Thus, the public interest promoted by civil rights statutes, such as the FLSA, “is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations.” Quaratino, 166 F.3d at 426. Therefore, counsel’s efforts to secure a full recovery in this case is exactly the type of private enforcement of wage and hour rights that achieves a public benefit. See Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313, 1327 (M.D.Fla.2001) (“It is recognized that the FLSA is an important piece of social legislation. Accordingly, the public derived a benefit from the plaintiffs’ recovery on their FLSA claims.”). Sadly today’s opinion discounts the public benefit that unquestionably accompanied counsel’s efforts.[4]
II.
Additionally, the majority fails to recognize that although the court did not run afoul of the Supreme Court’s rejection of a rule of strict proportionality, see City of Riverside, 477 U.S. at 578, 106 S.Ct. 2686, the district court’s emphasis on the size of the attorneys’ fee and its pro rata reduction of the fee comes dangerously close to *249 such violation and has been soundly rejected by other courts. See Simpson v. Merchants & Planters Bank, 441 F.3d 572, 581 (8th Cir.2006) (finding in the context of an Equal Pay Act case that “a pro rata reduction [in attorneys’ fees] would not normally be appropriate ... [and that the court had] explicitly rejected a ‘rule of proportionality’ in civil rights cases because tying the attorney’s fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court”); Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir.2005) (“Reasoning that a rule calling for proportionality between the fee and the monetary amount involved in the litigation would effectively prevent plaintiffs from obtaining counsel in cases where deprivation of a constitutional right caused injury of low monetary value, we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.”).
Even if the majority is correct that some reduction in the fee award was appropriate, which I do not believe to be the case, the district court’s method of reducing the award by the arbitrary figure of twenty-five percent without any explanation as to how the percentage was arrived at is an abuse of discretion. It is precisely this subjectivity on the part of the district court that the lodestar analysis guards against, making the Supreme Court’s decision in Perdue v. Kenny A. ex rel. Winn, — U.S. -, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010), particularly relevant. In Perdue, the Court considered whether a district court abused its discretion in increasing the lodestar fee by seventy-five percent based on what the court believed to be extraordinary results. Id. at 1669. The Court first noted “the lodestar method is readily administrable” because “the lodestar calculation is ‘objective,’ and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.” Id. at 1672 (citations omitted). The Court then noted that while “[t]he lodestar method was never intended to be conclusive in all circumstances,” “there is a ‘strong presumption’ that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.” Id. at 1673. The court found only a few exceptional circumstances in which superior attorney performance would lead to an increased lodestar fee. Id. at 1674. One such instance was when “an attorney’s performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted.” Id. However, in such a rare case, the Court held that “the amount of the enhancement must be calculated using a method that is reasonable, objective, and capable of being reviewed on appeal, such as by applying a standard rate of interest to the qualifying outlays of expenses.” Id. at 1674-75.
As for the seventy-five percent increase in the lodestar fee in Perdue, the Court found that “this figure appears to have been essentially arbitrary. Why, for example, did the court grant a 75% enhancement instead of the. 100% increase that respondents sought? And why 75% rather than 50% or 25% or 10%?” Id. at 1675. Thus, although the Court found that an enhanced fee was possible in some circumstances, it reversed the fee award because “when a trial judge awards an enhancement on an impressionistic basis, a major purpose of the lodestar method-providing an objective and reviewable basis for fees is undermined.” Id. at 1676 (citation omitted).
Here, the same prohibition of subjectivity should apply when a judge asks whether *250 a plaintiffs “results obtained” are limited. The lodestar fee is presumptively reasonable and while the district court did have discretion to reduce the fee based on limited success, the court arbitrarily decreased the lodestar fee by twenty-five percent even if we assume success was limited. The court provided no rationale for why the decrease was not above or below the number it chose, offering no “objective and reviewable basis,” id. at 1676, for the percentage decrease. I therefore believe today’s decision undermines the very purpose of the lodestar approach.
III.
Because the district court abused its discretion in reducing the presumptively reasonable lodestar fee based on its determination that the value of the employees’ award was “modest” and in arbitrarily choosing a twenty-five percent reduction, I would reverse the order of the district court and remand with instructions to award the full fee of $47,800.

. Citations herein to "J.A. • — refer to the contents of the Joint Appendix filed by the parties in this appeal.

. This is especially so given the “strong presumption” that the full lodestar fee is reasonable and owed to prevailing attorneys. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

. The court also claims that the employees obtained limited success because only six employees joined the lawsuit. It is unclear how this fact means that the six employees that did opt in were not successful. The fact that they settled their claims within seven days of the district court’s granting their Motion to Allow Notice to Similarly Situation Employees would seem to indicate that the employers settled quickly to avoid a larger damages award, meaning the employees were successful. If the court did rely on the number of employees that opted in, this was legal error. See Estrella v. P.R. Painting Corp., 596 F.Supp.2d 723, 727-28 (E.D.N.Y.2009).

. The opinion goes further and, in an attempt to affirm the "imprecise” reasoning of the district court, throws in a quote suggesting counsel ran up hours in this case, maj. op. at 244, an allegation of which there is no evidence whatsoever.