**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2370**

GREGORY RANDOLPH, on his own behalf and on behalf of all others similarly situated; DANA BROWN; TWANDA BANISTER; GREGORY EUBANKS; ARTHUR HINNANT; EZRA CHARLES CALLOWAY; RHASAAN DARK; RODNEY WILLIAMS; KENNETH JACKSON; GEORGE MILES; JAMAL DREW; KENNETH SEARLES; DEXTER ANDERSON; BERNARD BROWN; NATESHIA DECHE BEASLEY; EUNICE MELTON; ROBIN MELTON; EARNEST LEE ALLEN, JR.; SHANINA WASHINGTON; MELVIN L. WEBB-BEY; SYLVIOUS WILLIAMS; FASIL ALEMAYEHU; AMISHA BENNETT; EDWARD ROBINSON; DANIELLE SMITH; RONALD WALL; ROY BENNETT; MELQUIN GAINO; LESLIE GROSS; ANTONIO WALL; LAMONT NEWTON; ANTHONY WILLS; LAMARR YOUNG; MICHELLE BENNETT; RODNEY BROOKS; LARRY JEFFERSON; LENARD PRINGLE; JUSTIN FOSTER; EDDIE PERKINS; SEAN E. PITTMAN; JIMMIE MISSOURI; KEVIN SORRELL; TERENCE BROWN; TERRANCE DOVE; ERIC SHEFFEY; TERRELL TWITTY; JEFF JORDAN; SAMUEL HEGWOOD; JOHNNY BOYKIN; BERNARD BENNETT; LAVELLE GANT; DONALD RAY JONES; CORNELIUS REDFEARN; DARNELL MADDOX; RONALD YOUNG; CALVIN GORHAM,

          Plaintiffs - Appellees,

    and

VAN EUBANKS; DAVID PETERSON; JACQUELINE RIDLEY; RALEIGH WALL; MICHAEL ALLEN; ANDRE ADAMS; REGINA FREEMAN; ALONZO E. MUDD; ROBERT L. WALL, JR.; WILLIAM HOLLAND,

          Plaintiffs,

    v.

POWERCOMM CONSTRUCTION, INC.; DAVID KWASNIK, SR.,

          Defendants - Appellants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:13-cv-01696-GJH)

Submitted:  September 29, 2017                           Decided:  October 31, 2017

Before SHEDD, THACKER, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geoffrey M. Bohn, Robert A. Battey, BOHN & BATTEY, PLC, Arlington, Virginia, for Appellants. Nicholas Woodfield, R. Scott Oswald, EMPLOYMENT LAW GROUP, PC, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Powercomm Construction, Inc., and its owner, David Kwasnik, Sr., (Defendants) appeal the district court's order awarding Plaintiffs $183,764 in attorney's fees in their action under the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431 (LexisNexis 2016), and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219 (2012). On appeal, Defendants contend that the district court erred in failing to discount the fee award based on the dismissal of 10 Plaintiffs (out of 65) at the summary judgment stage. In addition, Defendants argue that a significant reduction in the award was required because the settlement amount was much less than the amount of damages initially sought by Plaintiffs. For the reasons set forth below, we vacate the district court's fee award and remand for further proceedings.

Plaintiff Gregory Randolph initiated this lawsuit by filing a proposed class action under the MWHL and proposed collective action under the FLSA. Randolph alleged that Defendants, his former employers, failed to pay their employees the required wage for overtime work. For relief, Randolph sought unpaid wages with interest, economic damages allowed by the MWHL and FLSA, attorney's fees, and a declaration that Defendants had violated the MWHL and FLSA.

In March 2014, the district court conditionally certified the case as a collective action under the FLSA. By July 2014, 64 additional employees or former employees had joined the lawsuit (together with Randolph, Plaintiffs). In September 2014, Plaintiffs filed a second amended Fed. R. Civ. P. 26(a)(1)(A) disclosure asserting that they were entitled to about $790,000 in damages, including approximately $263,000 in unpaid

3

overtime wages and $527,000 in liquidated damages. In August 2015, the district court dismissed 10 Plaintiffs after concluding that the statute of limitations barred their claims and granted the remaining Plaintiffs' motion for nonconditional certification of a collective action.

In April 2016, the district court approved the parties' settlement of this action for $100,000 exclusive of attorney's fees. Plaintiffs' counsel subsequently filed a motion for attorney's fees in the amount of $227,577. The district court granted in part and denied in part Plaintiffs' motion for attorney's fees and ultimately awarded $183,764 in attorney's fees after Plaintiffs filed a revised motion.[1]

"In general, the decision whether and in what amount to award attorney fees is one committed to the award court's discretion, subject only to review for abuse of that discretion." *Brown & Pipkins, LLC v. Serv. Emp. Int'l Union*, 846 F.3d 716, 729 (4th Cir. 2017) (alterations and internal quotation marks omitted). "Under this standard, reversal is appropriate only if the district court was clearly wrong or has committed an error of law." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 754 (4th Cir. 2016) (alterations and internal quotation marks omitted).

---

[1] Insofar as Plaintiffs argue that Defendants waived their right to appeal the district court's fee award because Defendants failed to file a response to Plaintiffs' revised motion, we conclude that Defendants preserved appellate review of the fee award by objecting to Plaintiffs' initial motion. *Cf. Magicsilk Corp. of N.J. v. Vinson*, 924 F.2d 123, 125 (7th Cir. 1991) (concluding that party waived appellate review of fee award by failing to object to fee petition either before or after district court ruled on petition).

Under the FLSA, a prevailing plaintiff-employee is entitled to an award of "a reasonable attorney's fee."  29 U.S.C. § 216(b) (2012); *see also EEOC v. Clay Printing Co.*, 13 F.3d 813, 817 (4th Cir. 1994).  We have outlined a three-step process for arriving at a reasonable attorney's fee.  *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).  First, "the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate."  *Id.* (internal quotation marks omitted).  "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)."[2]  *McAfee*, 738 F.3d at 88.  Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones."  *Id.* (internal quotation marks omitted).  When "all claims involve a common core of facts much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."

---

[2] The *Johnson* factors are:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

*Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998) (alterations, ellipsis, and internal quotation marks omitted)). Third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (internal quotation marks omitted).

We begin with Defendants' contention that the district court abused its discretion by failing to reduce the award at step two of the fee analysis. The district court declined to deduct from the award time spent by Plaintiffs' counsel pursuing the claims of the 10 dismissed Plaintiffs. In doing so, the district court cited the general principle that an award need not be reduced for unsuccessful claims that share a common core of facts with successful claims. However, the district court provided no discussion of the application of that principle to this case. Furthermore, we find it difficult to imagine how the time-barred claims of the dismissed Plaintiffs are intertwined with the successful claims, other than the two categories of claims sharing the same Defendants and both relating to unpaid wages. To the extent that the district court relied on the overall outcome of the litigation to justify not reducing the award for the unsuccessful claims, we conclude that the court misapplied the fee analysis framework because, in this case, the relief obtained was more appropriately considered after deducting the time spent by Plaintiffs' counsel pursuing unrelated, unsuccessful claims. Because the district court failed to adequately consider time spent pursuing claims on behalf of the dismissed Plaintiffs at step two of the fee analysis, we are constrained to vacate the fee award, and we remand for the district court to conduct a proper analysis at step two.

We next address the district court's step three analysis to offer additional guidance on remand. The Supreme Court has recognized that the "most critical factor" in determining a reasonable fee is the degree of success obtained by the plaintiff. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "When considering the extent of the relief obtained, we must compare the amount of the damages sought to the amount awarded." *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005). However, courts should not "reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall," *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007), nor should courts reduce a fee award "simply because the plaintiff failed to prevail on every contention raised in the lawsuit," *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 676 (4th Cir. 2015) (internal quotation marks omitted). Ultimately, "the court must ask . . . whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *McAfee*, 738 F.3d at 92 (alterations and internal quotation marks omitted).

Here, the district court declined to reduce the fee award based on the results obtained because Plaintiffs purportedly received 38% of their claimed damages that they incurred during the statute of limitations period, and the court did not want to discourage plaintiffs' attorneys from reaching reasonable settlements by reducing the fee award. Although the latter justification may be persuasive, the court clearly erred in its characterization of the percentage of claimed damages received by Plaintiffs. The district court seems to have arrived at the 38% figure by either relying on the settlement discount percentage or by dividing the settlement amount ($100,000) by the amount of unpaid

7

wages claimed in Plaintiffs' second amended Fed. R. Civ. P. 26(a)(1) disclosure ($263,305). However, the district court overlooked the fact that Plaintiffs pursued liquidated damages under both the MWHL and the FLSA, resulting in a total alleged damages amount of $789,916. When the settlement amount is divided by this figure, one discovers that Plaintiffs received about 13% of the damages that they sought. While the district court was not required to proportionally reduce the award to account for this disparity, the court certainly erred in relying on the 38% figure to support its reasoning. Therefore, on remand, the district court should also reconsider its finding at step three that the relief obtained represents 38% of the relief claimed by Plaintiffs for claims that accrued within the statute of limitations.

For these reasons, we vacate the district court's fee award and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*